STOKES, Appellant, v. CHRISTENSON, Sheriff, Respondent.

(209 N. W. 338.)

(File No. 5695. Opinion filed June 19, 1926.)

Appeal and Error—Presumptions—Supreme Court May Not Presume That Plaintiff, Not Going on With Proof, After Exclusion of Evidence, Would Make Out a Case With Evidence Admitted.

Where plaintiff, in action against sheriff for damages for failure to attach and hold property, on exclusion of files in attachment case, did not offer to prove other essential elements of case not shown by files, Supreme Court will not consider whether exclusion was error; there being no presumption that he would have made out case with files admitted.

---

Note.—See, Headnote, American Key-Numbered Digest, Appeal and Error, Key-No. 1031(4), 4 C. J. Sec. 2882.

Appeal from Circuit Court, Marshall County; Hon. W. F. Eddy, Judge.

Action by D. G. Stokes against O. J. Christenson, Sheriff. Judgment for defendant, and plaintiff appeals. Affirmed.

*Max. Stokes,* of Aberdeen for Appellant.

BURCH, C.    This action is against the sheriff of Marshall county to recover damages for failure to attach and hold certain property in an action commenced by the plaintiff against Cliff J. Ellestad and wife.    The complaint alleges the official character of the defendant, the suing out of an attachment in the action of Stokes against Ellestad, the recovery of a judgment thereon, and the attachment by the sheriff of a 15—25 International tractor of the value of $2,000, and the later wrongful, careless, and negligent release of the said attached property by the sheriff to the damage of plaintiff in the sum of $572.29.    On the trial plaintiff called the defendant sheriff as an adverse witness, and he testified that he was the sheriff of Marshall county; that he received a writ of attachment in the case of D. G. Stokes v. Cliff J. Ellestad and wife; and that he purported to take possession of the tractor belonging to defendants.    Plaintiff then sought to introduce the files in the attachment case, Stokes v. Ellestad et al. The files consisted of the complaint, amended complaint, summons, summons and affidavit in garnishment, affidavit of attachment, undertaking in attachment, warrant of attachment, the return of the sheriff showing service of the several papers in the hands of the sheriff for service, but not showing what, if any, property was attached or the proceedings in the attachment, the sheriff's notice of levy showing a levy upon one 15—25 International tractor, one 3-bottom engine plow, the verdict, the judgment against C. J. Ellestad, the judgment against Mrs. Ellestad, and the execution with a return of the sheriff to the execution showing no property found to satisfy the judgment.    These exhibits were excluded by the trial court apparently for the reason that the files were not at all times in the custody of the clerk, but had been in the hands of the attorney for plaintiff for a considerable time prior to the trial of the case, and it was contended there was no sufficient identification of the exhibits as files of the clerk.    Numerous attempts to lay the foundation and introduce the above-enumerated files being unsuccessful, plaintiff rested.    Defendant then moved for a directed verdict and his motion was sustained.

Verdict was returned for defendant and judgment entered thereon. This appeal is from the judgment and and order overruling a motion for new trial.

Appellant's brief is chiefly devoted to an argument of the errors of the court in excluding the exhibits, but it is apparent that, if all the exhibits had been admitted in evidence, plaintiff would have fallen far short of proving his cause of action. There is no evidence that the sheriff released the property attached, which he admitted he purported to take into his possession; nor is there any evidence of damage, or any evidence of careless or negligent action on the part of the sheriff in executing the writ of attachment or in holding the property thereafter. Plaintiff seems to have thrown up his hands and rested when he failed to get the files in evidence, without making any further attempt to prove his case. We can see no advantage to be gained in considering the errors assigned, since it appears that, if all the evidence offered had been received, without other evidence plaintiff could not recover. To render an erroneous ruling reversible error it must be prejudicial. We cannot assume that the plaintiff would or could have made out a case with the exhibits admitted, since he made no attempt or offer to prove other essential allegations of his complaint necessary to his recovery.

Therefore the judgment and order of the trial court must be and is affirmed.