STOKES, Appellant, v. CHRISTENSON, Sheriff, Respondent.

(213 N. W. 950.)

(File No 5695.   Opinion filed May 19, 1927.)

1. **Appeal and Error—Excluding . Evidence on Essential Issue Is Prejudicial, Where Other Issues, Though Not Attempted to Be Proved, Are Unavailing Without Proof of Issue Depending on Excluded Evidence.**

   Excluding all material and competent evidence on essential issue is prejudicial, even if no effort is made to prove other issues essential to recovery, provided other issues are unavailing without proof of issue depending on excluded evidence.

2. **Sheriffs and Constables—To Recover Against Sheriff for Unwarranted Release of Attached Property, Valid Attachment Must Be Proved.**

   In suit against sheriff for unwarranted release of attached property, valid attachment must be shown to entitle plaintiff to recover.

3. **Evidence—Records of Clerk's Office Were Necessary and Competent to Prove Valid Attachment, in Action for Wrongful Release of Attached Property.**

   In action against sheriff for wrongful release of attached property, records and files of clerk's office in attachment proceedings were necessary and competent to prove validity of proceedings.

4. **Trial—Objection to Court Records, Offered to Prove Valid Attachment on Ground that Papers Were Not Legally Filed, Held Too General.**

   In action against sheriff for unwarranted release of attached property, objection to records sought to be introduced to prove valid attachment, on ground that they were not legally filed, held too general.

5. **Evidence—That Clerk's File Contains Conflicting Statements Does Not Affect Its Admissibility.**

   That file in clerk's office contains conflicting statements does not affect its admissibility to prove validity of proceedings.

6. **Evidence—Sufficient Foundation Is Laid for Introducing Court's Records, by Clerk's Identification Thereof as Files of His Office.**

   Identification of exhibits by clerk as files of clerk's office is as general rule sufficient foundation for their introduction in evidence as records of court to prove validity of proceedings.

7. **Trial—If Clerk's Identification of Exhibits as Files of His Office Is Considered Insufficient, Court Is Under Duty to Point Out What Further Foundation He Will Require.**

Where court desires further proof of genuineness of exhibits offered as papers in legal proceedings on account of files having been out of clerk's office, court is under duty to point out what further proof he requires in addition to clerk's identification.

8. **Trial—Excluding, on General Objections, Records Offered to Prove Valid Attachment and Identified by Clerk, Held Error in Action for Wrongful Release of Attached Property, Where Additional Proof of Genuineness Required Was Not Pointed Out.**

In action against sheriff for wrongful release of attached property, excluding evidence of exhibits identified as files of clerk's office and offered to prove valid attachment held error, where objections were general, and additional proof required to lay foundation was not pointed out.

9. **Evidence—Files of Clerk's Office Returned Thereto May Be Introduced on Clerk's Identification, Notwithstanding Prior Possession by Attorney.**

No additional foundation is rendered necessary for introduction of files of clerk's office beyond clerk's identification, by fact that files have been in hands of one of attorneys, provided they have been returned.

---

Note.—See, Headnote (1), American Key-Numbered Digest, Appeal and error, Key-No. 1056(1), 4 C. J. Sec. 2986; (2) Sheriffs and constables, Key-No. 118, 35 Cyc. 1673; (3) Evidence, Key-No. 332(5), 22 C. J. Sec. 906; (4) Trial, Key-No. 82, 38 Cyc. 1384; (5) Evidence, Key-No. 332(1), 22 C. J. Sec. 906; (6) Evidence, Key-No. 366(3), 22 C. J. Sec. 911; (7) and (8) Trial, Key-No. 49, 38 Cyc. 1338 (Anno.); (9) Evidence, Key-No. 366(3), 22 C. J. Sec. 911.

On suits for wrongful attachment, see Bancroft's Code Pleading, Vol. 5, pg. 4530; Bancroft's Code Practice and Remedies, Vol. 3, pg. 3272.

Appeal from Circuit Court, Marshall County; Hon. W. F. Eddy, Judge.

On rehearing. Former opinion (50 S. D. 230, 209 N. W. 338) reversed. Judgment reversed, and cause remanded.

*Max Stokes,* of Aberdeen, for Appellant.

*Buell F. Jones* and *Otto L. Kaas,* both of Britton, for Respondent.

BURCH, J. [1] This cause is before us on rehearing. The first opinion is reported in 50 S. D. 230, 209 N. W. 338, and the reader is referred to that opinion for the facts. Appellant's appeal is based on an assignment that the trial court erred in excluding certain evidence. In our former opinion we did not con-

sider the merits of the assignments, because we held that it did
not appear that appellant was prejudiced if the court did err, as
he had not proved or offered to prove other issues not dependent
upon the excluded evidence. We think that view was erroneous,
and we are not willing to adhere to our former opinion. Prejudice
does affirmatively appear, where all evidence material and compe-
tent to prove an issue necessary to a recovery is excluded al-
though no effort is made to prove other issues essential to a re-
covery, which are of no avail without proof of the issue depending
on the excluded evidence. Our former decision is therefore re-
versed and the errors assigned are considered on their merits.

[2, 3] The suit was against the sheriff for an unwarranted
release of attached property. To recover, it was necessary to show
a valid attachment. The records and files of the clerk's office were
necessary and competent evidence of a former suit in which a
warrant of attachment was issued and of the proceedings in such
action. The particular files offered were those of an attachment
action by appellant against C. J. Ellstad and wife, and consisted
of the complaint, amended complaint, summons, summons and affi-
davit in garnishment, affidavit in attachment, undertaking in at-
tachment, warrant of attachment, the return of the sheriff showing
service of the several papers in the hands of the sheriff for service,
the sheriff's notice of levy, showing a levy upon one 15-25 Inter-
national tractor (the property claimed to have been unlawfully
released), one 3-bottom engine plow, the verdict, two judgments,
one against C. J. Ellstad and one against Mrs. Ellstad, and an
execution upon the judgments, with a return of the sheriff show-
ing no property found to satisfy them. These files were excluded
by the trial court, apparently for the reason that the files were not
at all times in the custody of the clerk, but had been in the hands
of the attorney for appellant, Max Stokes, for a considerable time
prior to their being offered as evidence. The clerk was called
and identified the exhibits offered as files of his office, but on
cross-examination it appeared that witness took office on January
1, 1922, and that such files were taken from the clerk's office prior
to his incumbency, in August of the preceding year, and the only
reason he gave for his statement that they were files of his office
was that they bore the clerk's stamp, were shown on the register
of actions, and a file of his office showed they had been delivered

to Max Stokes. Witness also identified the signature of the former clerk and the stamp of his office. Some of the files bore the written signature of the former clerk and some the filing stamp signature. No order of court allowing the files to be sent to Max Stokes was found. The exhibits were numbered A-1 to A-13. Respondent objected to the introduction of all except A-10, on the ground that they do not appear to be files in the office of the clerk of courts, not having been filed according to law, and not being proven to be files of the office. As to A-1 to A-10, that they are incompetent, irrelevant, and immaterial, not tending to prove any issue, and not binding on defendant. Specific objections to one or two of the exhibits were that they contained conflicting statements, and as to Exhibit A-10 that it was not within the facts pleaded in the complaint. On these objections the court reserved its ruling. Some further effort was then made to lay the foundation by offering to prove the custom of the office in keeping the books and files, and further identifying the signature of the former clerk and the filing stamp of his office. Max Stokes also offered to take the stand and identify the files as those delivered to him by the former clerk. The court then sustained the objection of respondent, assigning no reason therefor, and without indicating what further foundation he desired. After thus failing to get the exhibits in evidence appellant rested, and the court directed a verdict against him.

[4, 5]   The court erred in thus disposing of the case. Respondent's reasons for objecting were too general. The objection that the papers were not filed according to law calls the court's attention to nothing irregular. The objection that the files were incompetent, immaterial, and irrelevant, and not binding on defendant was without merit; that a file contains conflicting statements does not affect its admissibility.

[6-9]   The clerk identified the exhibits as files of his office. Ordinarily that is all that should be required to lay the foundation for their introduction. If, because the files had been out of the clerk's office, any further proof of the genuineness of the exhibits as files was wanted, it was the duty of the court to point out what further proof he required, so that appellant could comply with the demand, and this court could say whether the trial court abused its discretion in requiring more than the usual foundation.

In the case of State v. Magnuson, 48 S. D. 112, 202 N. W. 638, we held that the foundation required for the admission of evidence was largely within the discretion of the trial court, but in that case the trial court made it plain what was required, and it did not appear that the defendant could not readily comply. In this case, if more than the usual foundation was thought advisable, the court might have required such further proof as could reasonably be furnished by appellant, although its necessity might not be apparent to this court. No prejudice would result from such requirement. The mere fact that the files had been for a long time in the hands of one of the attorneys did not make them any less the files of the clerk's office. They could be returned at any time needed, and their return could have been compelled if necessary. If returned to the clerk and received by him, no more foundation was necessary for their introduction in evidence than if they had never been in the hands of the attorney. If there was any question about the exhibits being those received by the attorney, if his statement to that effect was not satisfactory to the court, the court might have required him to identify them under oath. This the attorney offered to do.

The judgment and order appealed from are reversed, and the cause remanded for a retrial.

CAMPBELL, P. J., and GATES, POLLEY, and SHERWOOD, JJ., concur.