ZINTER, Justice
(concurring specially).
[¶ 20.] I join the opinion of the Court. I write only to address the dissent’s conclusion “that the officer did not present reasonable, articulable suspicion to seize Aaberg and that the officer acted on ‘mere whim, caprice, or idle curiosity.’” Infra ¶ 31. The dissent arrives at this conclusion because it applies the incorrect standard of review; fails to consider material, historical facts contained in the record; and fails to follow precedent requiring a consideration of the totality of the circumstances.
[¶21.] The dissent’s clearly erroneous standard of review is inapplicable in this case. It is inapplicable because there are no credibility or evidentiary conflicts in the material facts justifying this stop. Only one witness testified concerning the historical facts justifying the initial stop, and there is no conflict regarding those facts. In reviewing a similar attempt to apply the clearly erroneous standard of review, the United States Supreme Court held that in this type of case “the ultimate question ... of reasonable suspicion ... should be reviewed de novo. ” Ornelas v. U.S., 517 U.S. 690, 691, 116 S.Ct. 1657, 1659, 134 L.Ed.2d 911, 916 (1996). It is only the historical facts that are entitled to clear error analysis. Id. at 699, 116 S.Ct. at 1663, 134 L.Ed.2d at 920; see also U.S. v. Arvizu, 534 U.S. 266, 275, 122 S.Ct. 744, 751, 151 L.Ed.2d 740, 750 (2002) (stating that the standard for appellate review of reasonable-suspicion determinations should be de novo). The Supreme Court explained:
The principal components of a determination of reasonable suspicion or probable cause will be the events which occurred leading up to the stop or search, and then the decision whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to reasonable suspicion or to probable cause. The first part of the analysis involves only a determination of historical facts, but the second is a mixed question of law and fact: “[T]he historical facts are admitted or established, the rule of law is undisputed, and the issue is whether the facts satisfy the [relevant] statutory [or constitutional] standard, or to put it another way, whether the rule of law as applied to the established facts is or is not violated.”
Ornelas, 517 U.S. at 696-97, 116 S.Ct. at 1661-62, 134 L.Ed.2d at 919 (quoting Pullman-Standard v. Swint, 456 U.S. 273, 289 n. 19, 102 S.Ct. 1781, 1791 n. 19, 72 L.Ed.2d 66, 80 n. 19 (1982)).
*603 [¶ 22.] Since 1999, this Court has followed these authorities and applied the de novo standard of review in cases like this where the historical facts are not in dispute:
Today we modify our standard for reviewing decisions on warrantless searches and seizures. Our past standard — abuse of discretion — conflicts with the current Fourth Amendment analysis employed by the United States Supreme Court. See Ornelas v. United States, 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996).[A]s a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal. Having said this, we hasten to point out that a reviewing court should take care both to review findings of historical fact only for clear error and to give due weight to inferences drawn from those facts by resident judges and local law enforcement officers. Id. at 699, 116 S.Ct. at 1663.
State v. Hirning, 1999 SD 53, ¶ 9, 592 N.W.2d 600, 603. See also State v. Muller, 2005 SD 66, ¶ 12, 698 N.W.2d 285, 288 (de novo review of reasonable suspicion); State v. Lockstedt, 2005 SD 47, ¶ 14, 695 N.W.2d 718, 722 (same); State v. Ballard, 2000 SD 134, ¶ 9, 617 N.W.2d 837, 840 (same). Because only one witness testified concerning the justification for the stop, and because there is no conflicting evidence regarding those historical facts, the clearly erroneous standard of review does not apply.
[¶ 23.] The dissent also-holds that the magistrate judge was not required-to make findings on a number of relevant historical facts. Thus, the dissent concludes that the magistrate was not required to even mention or analyze the undisputed facts “that Aaberg staggered, held his arms out to keep his balance, came close to falling down,- and walked slower than a normal person.” Infra ¶ 29. The reasoning used to justify this rather remarkable position is that factfinders are not “required ... to enunciate [their] opinion on the credibility and weight of each answer of a witness.” Id. The dissent also surmises that the fact-finder failed to even consider these relevant facts because she “apparently” “did not find persuasive the officer’s testimony that Aaberg ‘probably was staggering a little bit.’ ” Infra ¶ 30. However, there was no adverse credibility finding with respect to the officer, and there was no conflicting evidence concerning the officer’s observation of substantial evidence of impairment.[4] Therefore, even.if we were to apply the clearly erroneous standard of review, the magistrate’s decision, which fails to even acknowledge such relevant evidence, demonstrates clear error.
[¶ 24.] The dissent concedes this point, acknowledging that the application of the clearly erroneous standard requires consideration of “the entire record.” Infra ¶27 (citing State v. Belmontes, 2000 SD 115, ¶ 9, 615 N.W.2d 634, 637). See also Even v. City of Parker 1999 SD 72, ¶ 9, 597 N.W.2d 670, 674 (“Clear error exists *604 only when upon a review of all the evidence in the record, we are left with a definite and firm conviction a mistake has been made.”) (emphasis added); Sopko v. C & R Transfer Co., Inc., 1998 SD 8, ¶ 7, 575 N.W.2d 225, 229 (“Even when substantial evidence supports a finding, reviewing courts must consider the evidence as a whole and set it aside if they are definitely and firmly convinced a mistake has been made.”) (emphasis added). Yet the dissent would affirm a decision that makes no mention of the driver’s problems of staggering, balancing, walking, and almost falling. Because there is no indication that these material and relevant facts were even considered in the magistrate’s analysis, there is clear error as a matter of law. Stokes v. Christenson, 51 S.D. 365, 213 N.W. 950, 950 (1927) (finding error where material and competent evidence was not considered). See also Sather v. C.I.R., 251 F.3d 1168, 1178 (8thCir.2001) (reversing for declining to consider pertinent facts); Van Scoten v. C.I.R., 439 F.3d 1243, 1252 (10thCir.2006) (stating that the lower court’s factual findings may be reversed “for clear error when it fails to consider relevant, contrary and undisputed evidence that is material”).
[¶ 25.] Finally, the dissent itself errs in failing to consider the defendant’s staggering, difficulty in balancing, almost falling, and walking differently than a normal person under similar circumstances. The dissent’s rationale for failing to consider these material facts is that we only need to consider the “facts, as determined by the magistrate.” Infra ¶ 28. However, this approach violates the well settled requirement that, in making a reasonable suspicion determination, we must “[l]ook at the ‘totality of the circumstances’ of each ease to see whether the detaining officer has a ‘particularized and objective basis’ for suspecting legal wrongdoing.” State v. Kenyon, 2002 SD 111, ¶ 15, 651 N.W.2d 269, 273-74 (quoting Arvizu, 534 U.S. at 273, 122 S.Ct. at 750-51, 151 L.Ed.2d at 749 (quoting United, States v. Cortez, 449 U.S. 411, 417-18, 101 S.Ct. 690, 694-95, 66 L.Ed.2d 621, 628-29 (1981))). See also State v. Scholl, 2004 SD 85, ¶ 9, 684 N.W.2d 83, 86 (“Whether an anonymous tip suffices to give rise to reasonable suspicion depends on both the quantity of information it conveys as well as the quality, or degree of reliability, of that information, viewed under the totality of the circumstances.”).
[¶ 26.] The totality of the evidence in this case comes from one witness who testified without contradiction “that Aa-berg staggered, held his arms out to keep his balance, came close to falling down, and walked slower than a normal person would under similar circumstances” as he walked from his car to the bar at 10:00 p.m. that evening. See supra ¶ 13 and infra ¶ 29. As the majority points out, these undisputed facts, taken together with the rational inferences drawn therefrom, unquestionably established a particularized and objective basis for a reasonable suspicion to believe that Aaberg was under the influence. Therefore, considering the totality of the evidence in the record under either standard of review, the magistrate erred in concluding that the officer did not have reasonable suspicion to perform the initial limited stop of Aaberg.

. Among other things, the officer testified:
(1) he "observed [Aaberg] exhibit signs that he had great difficulty getting out of the vehicle, and that he was very slow...."
(2) in walking, "[Aaberg] was very slow compared to a gait of a person even on those conditions and just the total way he was walking was apparent to me that I felt he was under the influence of something.”
(3) there were "signs that he couldn't keep his balance very well while he was walking-”
(4) Aaberg's "left leg would be sliding out away from him, and he’d have to hold his arms out to balance himself....”
(5) Aaberg "probably was staggering a little bit to my estimation.”
(6) Aaberg "came close to falling down, but he did not fall down.”