## KIRBY v. RAMSEY *et al.*

1. Under Laws 1887, Chap. 20, regulating appeals to the supreme court, an order setting aside a sale in a foreclosure proceeding is appealable.

2. A rule of court providing that a sale under a decree of foreclosure shall not be confirmed until 10 days have elapsed from the filing of the sheriff's return, when, if no exceptions are filed, it may be confirmed without notice, does not prevent the court, in its discretion, from setting aside an order of confirmation after it has been entered without objection, upon grounds not appearing on the face of the record.

3. Where it was shown that land was sold at a foreclosure sale for one-tenth of its actual value, and that the defendant lived in another county, and had no actual knowledge of the sale until after it had been confirmed, but had reason to suppose that plaintiff would bid the amount of his decree, such facts will justify the court in ordering a resale, where a motion therefore is promptly made, and security given that a bid will be made sufficient to pay plaintiff's claim.

(Opinion filed Aug. 19, 1896.)

Appeal from circuit court, McCook county. Hon. JOSEPH W. JONES, Judge.

Action to foreclose a real estate mortgage. From an order vacating a sale and order of confirmation, plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*Joe Kirby,* in *pro per.*

A sale made in this state under a decree of foreclosure of a mortgage is a *quasi* judicial sale, and no confirmation thereof is necessary, except in compliance with Sec. 5149, Comp. Laws, and rule 29 of the trial court. Rorer on Judicial Sales, 2nd Ed. § 591; 12 Am. & Eng. Encyc. of Law, 208. The rule of the trial court has all the force of a statute passed by the legislature. 4 Am. & Eng. Encyc. of Law 451; Thompson v. Hatch, 3 Pick. 512. The court having made an order confirming the sale, had no power or authority to vacate the same under the showing presented, and under the facts claimed by respondent. Rorer on Jud. Sales, § 25; Koehler v. Ball, 2 Kans. 160; § 5236

Comp. Laws (Subd. 2). The trial court is without power to review an appealable order made in the course of a judicial proceeding, except in the case of a motion for a new trial, when an interlocutory order may be brought before it. Webber v. Tschetter, 1 S. D. 205; Hall v. Harris, 1 S. D. 619; Vert v. Vert, 3 S. D. 619; Henley v. Hastings, 3 Cal. 341; Stearns v. Marvin, Id. 376; Coombs v. Hibbard, 48 Id 452. Inadequacy of consideration in the sale of real estate under execution is not in the absence of fraud on the part of either the purchaser or the officer conducting the sale, grounds for vacating or setting the same aside. Rorer on Jud. Sales, § 180; Coolbaugh v. Roemer, 21 N. W. 472; Mixer v. Sibley, 53 Ill. 61; Maxwell v. Newton, 27 N. W. 31; Sigerson v. Sigerson, 32 N. W. 462; McGeorge v. Sease, 4 Pac. 846; Bank v. Marsh, 3 Pac. 511; Collins v. Ritchie, 2 Pac. 623; Challis v. Wise, 2 Kan. 193; Whitecrow v. Whitewing, 3 Kan. 276; Mortgage Co. v. Smith, 25 Kan. 622.

*Boyce & Boyce,* for respondent.

The court has the right of judicial supervision over all judicial sales. Hale v. Clauson, 60 N. Y. 341; Cazet v. Hubbell, 36 N. Y. 680. See, also, Wiltsie on Mortg. Forec., § 594; Adams v. Haskell, 10 Wis. 123. From the decision of a motion addressed to the discretion of the court, no appeal will lie. Hale v. Clausen, *supra*; Howell v. Mills, 53 N. Y. 322. Gross inadequacy of price, coupled with the circumstances of this case, not only justified the court in setting aside the sale, but a refusal would have been an abuse of discretion. King v. Platt, 37 N. Y. 155; Montague v. Dawes, 14 Allen 373; 150 Mass. 358; Littell v. Quintz, 2 Ala. 259; Wiltsie on Mortg. Forcl. 648.

HANEY, J. April 17, 1895, in this, an action to foreclose a real estate mortgage, plaintiff recovered a personal judgment against defendants for $657, and the usual decree in such cases. Execution issued, and on June 3d plaintiff purchased the mortgaged premises for $100. June 6th the sheriff made report of

sale, and June 17th the sale was on motion of plaintiff, confirmed. Two days later, defendants procured an order of court requiring plaintiff to show cause why the sale should not be set aside, and a new sale ordered. Accompanying defendant's application was a bond, with sureties approved by the circuit judge, conditioned that defendants would furnish a purchaser of the premises, who would pay therefor the full amount of the mortgage debt and costs, including costs of resale. On the hearing of defendants' application, an order was made vacating the sale and order of confirmation, and providing for a second sale, wherein every reasonable precaution was taken to insure a recovery by plaintiff of the entire amount of his claim, with interest and costs. Pending such second sale, plaintiff was restrained from enforcing his deficiency judgment, and from disposing of the certificate of sale. From this order plaintiff appealed.

The law providing the method of appeals to this court, enacted in 1887 (Laws 1887, Chap. 20), having been substantially copied from the statutes of Wisconsin, the territorial legislature will be presumed to have adopted it with the construction placed upon it by the court of last resort in that state. Randall v. Burk Tp., 4 S. D. 337, 57 N. W. 4. It was there held that orders setting aside sales in foreclosure proceedings are appealable. Jessup v. Bank, 15 Wis. 604; Carney v. Railway Co., Id. 503. This court has, in effect, reached the same conclusion. Bailey v. Scott, 1 S. D. 337, 47 N. W. 286. The right of appeal depends upon the statute. An order may be appealable, although made in the exercise of a legal discretion, which will not be reviewed by this court except in cases of abuse. Weber v. Tschetter, 1 S. D. 205, 46 N. W. 201. If an appealable order involve an exercise of discretion by the court below, it will be affirmed here, unless an abuse of discretion is shown, but the appeal will not be dismissed.

In the second circuit, whence comes this appeal, the following rule of court is in force: "The sheriff or other officer

making sale of any real property under execution, or any order or judgment whenever said sale is required to be confirmed by the court, shall file his return or report thereof with the clerk within five days after the sale. At any time within ten days thereafter exceptions may be filed, and the same may be determined by the court on motion to confirm the sale, or on motion to set aside the sale, of which due notice shall be given to the adverse party. If no exceptions be filed within the time aforesaid, the return or report may be presented to the court, and confirmed without further notice." The foreclosure proceedings herein, sale, report, and confirmation are all regular upon their face, and no exceptions were filed within the time required by the foregoing rule of court. It is contended by appellant that, having confirmed the sale the circuit court had no authority to vacate it, under the showing made and facts claimed by respondents. In Kansas, under a statute substantially, if not identically, like that in this state, it was held that the order of confirmation is an adjudication merely; that the proceedings of the officer, as they appear of record, are regular, and a direction to the sheriff to complete the sale. Any wrong not appearing in the proceedings of the officer has its appropriate remedy independent of, and no way affected by, the order of confirmation. Koehler v. Ball, 2 Kan. 160. Confirmation in this state is usually a purely *ex parte* proceeding as in this case.

The foregoing rule of court gave no notice to interested parties they would not have had without it. It prevented the court from confirming the sale for 10 days after the report was filed, and may have precluded objections to the sale appearing upon the face of the record, but certainly did not deprive a party of his right to object for reasons not so appearing, and which could have been considered only on a motion to vacate the sale. For such reasons, he has a reasonable time in which to make his motion. In sales under decrees, and which may therefore be called "judicial sales," when the proceedings are re-

ported to the court, the purchaser is simply a preferred bidder. The court is not bound to accept the bid, and may in its discre tion, refuse to confirm the sale, for many reasons which would have no application where the purchase was made under an execution. 2 Freem. Ex'ns, § 311. The sale under discussion was in an equitable action, under a decree of foreclosure; and while, perhaps, not strictly a judicial sale, in the sense of the learned author just quoted, it should be governed by equitable rules. The primary purpose of the proceeding is to satisfy plaintiff's claim out of the property hypothecated for its payment, and the court should see that this is done in a just and equitable manner. It has, we think, in the exercise of a sound legal discretion, ample power to prevent any substantial abuse of its process.

Was there any abuse of discretion in the case at bar? Defendants' motion to vacate was heard upon the affidavit of one of the defendants and the affidavit of plaintiff. It will not be necessary to state all the allegations contained therein. There are, we think, enough undisputed facts to justify the order made by the learned circuit judge. The mortgaged premises were worth $1,000 in cash when purchased by plaintiff for $100. Defendants are responsible. They were advised by an attorney at law, and believed the property would be bid in for the full amount of plaintiff's claim. They allege that they were led to this belief by the statements of plaintiff, but he denies having given any occasion for such belief. Before this action was commenced, they had conveyed the land to another, who had assumed payment of the mortgage, which was the first lien thereon. The mortgage was originally given to secure a note of $525. When the decree of foreclosure was rendered, there was due plaintiff $657. Only $80.65 were paid on the judgment by the sale, leaving a deficiency of $586.25. It is true that inadequacy of price will not alone warrant the setting aside of a sheriff's sale (Bank v. Fair Ass'n, 2 S. D. 145, 48 N. W. 852); but other circumstances may exist which, in connection with in-

adequacy of price, entirely justify a court of equity in preventing what would otherwise result in an unjust oppression of the judgment debtor. Each case must depend upon its own peculiar facts. In view of all the circumstances, we think plaintiff should have bid the full amount of his claim, and the defendants were justified in believing he would do so. They reside in Minnehaha county. The sale took place in McCook. They were not present, had no actual notice of it, and were not aware of what was done until after confirmation, when they immediately made application to have the sale vacated. They acted promptly and fairly, having presented an undertaking which insures the plaintiff, upon a resale, of receiving every dollar due him, with interest and costs. Were the first sale permitted to stand, plaintiff would secure $1,000 worth of property, and still have a collectible judgment for $582. It would enable him to collect $1,582 on a claim of only $657. Under the order of the circuit court he is sure of collecting his claim in full. Should he not be satisfied with that? He is in a court of equity. He should do equity. He should be content with what is right between man and man. He cannot be injured by a resale of the property. Without it defendants will suffer serious injury. It cannot be an abuse of discretion to prevent the manifest wrong which would result from sustaining this sale under the circumstances disclosed in this case. The order appealed from is affirmed.