## KIRBY V. CIRCUIT COURT OF MCCOOK COUNTY.

1. On *certiorari* requiring a court to certify the record of certain proceedings on which an order was made the return of the clerk can only include the record before the court when the order complained of was made.

2. Where plaintiff in foreclosure purchases the property, and the day after the sale conveys the certificate to a third person, notice to such third person is not necessary to confer jurisdiction on the court to set aside the sale for irregularities therein.

(Opinion filed May 12, 1897.)

Original application for *certiorari* to the circuit court of McCook county. Order affirmed.

The facts are stated in the opinion.

*C. A. Christopherson,* for plaintiff.

A sale made in this state under a decree of foreclosure of a mortgage is a *quasi* judicial sale, and no confirmation thereof is necessary, except in compliance with Sec. 5149, Comp. Laws, and Rule 29 of the circuit court. Rorer Jud. Sales, 2nd Ed.. § 591; 12 Am. & Eng. Encyc. Law, 208. The court having made an order confirming the sale, had no power or authority to vacate the same under the showing presented. Rorer Jud. Sales, § 25; Koehler v. Ball, 2 Kan. 160; Comp. Laws, Subd. 2, § 5236; Webber v. Tschetter, 1 S. D. 205, 46 N. W. 201; Hall v. Harris, 1 S. D. 279, 46 N. W. 931, Vert v. Vert. 3 S. D. 619, 54 N. W. 655; Henley v. Hastings, 3 Cal. 341; Sterns v. Marvin, Id. 376; Cooms v. Hibbard, 48 Id. 452.

*Boyce & Boyce,* for defendant.

The record upon which the trial court acted, and that only, can be considered in *certiorari* proceedings. Starkweather v. Seeley, 45 Barb. 164; Reynolds v. County Court, 47 Cal. 604; Spell. Extr. Rel. § 2009; Champion v. Board, 5 Dak. 415, 41 N. W. 739; People v. Board, 39 N. Y. 81; People v. Comrs., 30 Id. 72. And the only question which can be considered is whether the trial court upon the record before it had jurisdiction. Bank

v. McKee, 50 N. W. 1057; Reynolds v. County Court, *supra*; Henshaw v. Board, 19 Cal. 150; People v. Burney, 29 Id. 460; Houlter v. Stark, 7 Id. 244. The only proper practice was to apply to the court in which the sale was made, upon motion, to set aside the sale. Brown v. Frost, 10 Paige's Ch. 245; Hale v. Clauson, 60 N. Y. 341; State v. Campbell, 5 S. D. 636, 60 N. W. 32; Townshend v. Simon, 38 N. J. L. 241; Gould v. Mortimer, 26 H. Pr. 169.

CORSON, P. J. On June 3, 1895, a sale of certain real property was made by the sheriff of McCook county under a judgment entered in foreclosure proceedings, in which Joe Kirby was plaintiff and W. H. Ramsey and others were defendants, for the sum of $657. At this sale Joe Kirby bid in the property for $100, and on June 17th the sale was confirmed, and a deficiency judgment against the defendants in said action for $585.25 was entered. On June 24th the circuit court, upon application of said Ramsey and others, made an order vacating and setting aside said sale, and ordering a resale of the mortgaged premises under the same or an alias execution. From this order the plaintiff, Joe Kirby, appealed to this court, and the same was by this court affirmed. Kirby v. Ramsey, 68 N. W. 328. Patrick Kirby on June 17th, the day the sale was confirmed, paid to said Joe Kirby the $100 bid by him at the sale, as a junior mortgagee, and took from said Joe Kirby a certificate of redemption, but was not a party to the proceedings in which the sale was vacated and set aside. The said Patrick Kirby, upon an affidavit showing his interest in the property, obtained from this court a writ of *certiorari* to the circuit court of McCook county, requiring said court to properly certify to this court the record of the proceedings of the circuit court upon which said order was made. The clerk of the circuit court not only certified up the record in that proceeding, but also the certificate of redemption purported to have been made by Joe Kirby on June 17th; also, certificate of sale made by the

sheriff of McCook county.   Neither of these certificates was before the circuit court on the hearing of the order to show cause and they had not been filed with the clerk of that court when said order setting aside and vacating said sale was made.   The defendant now moves to strike these two certificates from the record and abstract in this case.   The motion must be granted. The return of the clerk could only properly include the record before the circuit, upon which that court acted in making the order complained of.   These certificates were made a part of the affidavit upon which the writ of *certiorari* was granted by this court, but constitutes no part of the record to be considered by this court in determining whether or not the circuit court acted within its jurisdiction.   The only office of the affidavit and these certificates is to show that the plaintiff herein had such an interest in the decision of the court below as to entitle him to a review of the proceedings of the court in making the order.   The supreme court of New York, in discussing this question in Starkweather v. Seeley, 45 Barb. 164. says:   "The matter stated in the affidavit on which a writ of *certiorari* is allowed form no part of the record and cannot be noticed for the purpose of determining either the regularity or the validity of the proceedings before the county judge. * * * There was nothing before the judge to show or suggest the idea that any one but Seeley was in possession or claimed any right thereto; and the record shows nothing different.   It is only by the extrinsic facts which appear in the affidavit, and which were not before the judge, that any error is made to appear; and these, as before suggested, cannot be accepted as facts for the purpose of determining the questions properly arising here."   Reynolds v. San Joaquin County Court, 47 Cal. 604; 2 Spell. Extr. Relief § 2009.

Proceeding to discuss the case upon the merits, it must be borne in mind that the only questions to be considered in this court are whether the court, upon the record before it, exceeded its jurisdiction, or whether that court has failed to regularly

pursue the authority of such court. Comp. Laws, §§ 5507, 5513; Bank v. McKee (S. D.) 50 N. W. 1057; Reynolds v. San Joaquin County Court, *supra*; People v. Burney, 29 Cal. 460. That the court had jurisdiction of the subject matter, and did not exceed its authority, must be regarded as settled .by the decision of this court in Kirby v. Ramsey, *supra*.

The only other question presented is, did the order made by the circuit court bind Patrick Kirby? This question is virtually settled by the decision of this court in State v. Campbell, 5 S. D. 636, 60 N. W. 32. See, also, Hale v. Clauson, 60 N. Y. 339; Cazet v. Hubbell, 36 N. Y. 677; May v. May, 11 Paige 201. In Hale v. Clauson *supra*, the court of appeals of New York says: "A purchaser at a sheriff's sale, although a stranger to the judgment or decree, by his purchase submits himself to the jurisdiction of the court in respect to the sale and purchase." If such is the rule as to the purchaser, for much stronger reasons it applies to a redemptioner. The proceeding to vacate and set aside the sale is a proceeding between the parties to the action, and third persons, who are not parties to the action, have no legal right to notice. Either as purchasers or redemptioners, such third persons acquire their title from and under the defendant to the action, through the foreclosure proceedings of the plaintiff and any defect in the proceedings that affects them equally concludes them. Notice to such third persons is not necessary to confer jurisdiction upon the court, and its order made without such notice .would be valid. It the rights of the redemptioner are not sufficiently protected, he should apply to the court making the order for such modification of the same as will protect his interests. It appears, however, from the record before us, that the rights of Patrick Kirby were fully protected. We are of the opinion that the circuit court did not in any manner exceed its jurisdiction, and the order made by the circuit court is affirmed.