KIRBY, Appellant, v. DRAPEAU, Respondent.

(147 N. W. 982.)

**1. Appeal—Appealable Order—Right of Appeal—Statute.**

The right of appeal from the circuit to the Supreme Court depends upon the statute.

**2. Dismissal of Appeal—Appeal From Order—Decisions Reviewable —Finality of Determination—"Involving the Merits."**

An order discharging and cancelling of record a notice of lis pendens, made upon a motion, in an action seeking to establish a lien in plaintiff's favor upon the land described in the lis pendens, in which action the notice was filed, is not an appealable order, under Code Civ. Proc., Sec. 462, either by virtue of subd. 1, making an order affecting a substantial right appealable, "when such order in effect determines the action and prevents a judgment from which an appeal might be taken," or subd. 4, making an order appealable "when it involves the merits of an action or some part thereof."

(Opinion filed July 6, 1914.)

Appeal from Circuit Court, Tripp County. Hon. WILLIAM WILLIAMSON, Judge.

Action by Joe Kirby against Leon Drapeau, for a money judgment and to establish a lien in plaintiff's favor against certain realty. From an order discharging and cancelling a notice of lis pendens filed by him in said action, plaintiff appeals. On motion to dismiss appeal. Appeal dismissed.

*Joe Kirby,* Appellant, *pro se.*

*W. J. Hooper,* for Respondent.

(1) Under point one of the opinion, Respondent, in support of the motion to dismiss appeal, cited:

McClain v. Williams, 10 S. D. 332; Black Hills Flume & Mining Co. v. Grand Island C. R. Ry. Co., 2 S. D. 546; Kirby v. Ramsey et al., 9 S. D. 199.

(2) Under point two of the opinion, Respondent cited:

Code Civ. Proc. Sec. 462; Kirby v. Ramsey et al., 9 S. D. 199; Kunze v. Kunze, 70 N. W. 162.

Appellant submitted, in opposition to the motion: The dis-

charge of such lis pendens would very often defeat the purpose of the litigation by allowing the property to be passed on to those not parties to the action. And cited:

Mills v. Bliss, 55 N. Y. 139; Bairnerd v. White, 12 Abbotts N. C. 407-12; Shandley v. Levine, 89 N. Y. Supl. 717.

PER CURIAM. [1, 2] Respondent asks that the appeal herein be dismissed. Said appeal is from an order of the circuit court directing the discharge and cancellation of record of a notice of lis pendens filed by appellant in said court, and respondent contends that, under the statutes of this state, there is no appeal from such an order; in this contention we think respondent is correct. The right of appeal depends upon the statute. Kirby v. Ramsey et al., 9 S. D. 197, 68 N. W. 328. Appellant's right, if any, to appeal from this order must be found in §462 C. C. P. Appellant has cited several New York cases and it is clear that in New York the right to appeal from an order discharging and cancelling of record a notice of lis pendens is upheld; but well it may be under the statutes of that state which give the right to appeal from an order wherever such order affects a substantial right. Subdivision 1, § 462, supra, provides that an order is appealable when it affects a substantial right, but only "when such order in effect determines the action and prevents a judgment from which an appeal might be taken"—a limitation not found in the New York statutes. Appellant, in his brief, virtually concedes that it is upon Subdivision 4, §462, supra, that he relies. This section provides that an order is appealable "when it involves the merits of an action or some part thereof * * *." But appellant has failed to point out in what manner, and we confess our inability to discover in what manner, the discharge of a notice of lis pendens from the records involves the merits of an action or any part thereof; it is true that such a discharge of the notice may seriously affect the ultimate relief obtained by the party filing it, and it is true that it might have been wise for the legislature to have specifically provided for an appeal from an order such as the one before us, just as it has specifically provided for appeals from certain orders (subdivision 3, §462, supra), yet it is for the legislature, and not for the courts, to so provide.

The appeal herein is dismissed at appellant's cost.