NATIONAL CO-OPERATIVE FARM LOAN COMPANY, Plaintiff, v. HIRNING et al., Defendants.

(167 N. W. 1055.)

(File No. 4375.    Opinion filed May 13, 1918.)

**Corporations—Application to Securities Commission to Sell Stock— Purposes of Corporation—Farm Loan Business—Articles of Incorporation, Whether Deceiving to Unwary—Name of Company—Sufficiency of Evidence re Rejection of Application**

In an application for writ of certiorari to bring before Court certain proceedings by way of application by plaintiff to State Securities Commission, under Laws 1915, Ch. 275, for license to sell its corporate stock within this state, **held**, that said commission was justified, under the evidence submitted, in finding that plaintiff's proposed plan of business is of such nature that sale of its capital stock would work a fraud upon purchasers thereof, and in refusing plaintiff's application; that the evidence amply justified the commission's conclusion that the contents of plaintiff's articles of incorporation are of a nature fitted to deceive the unwary, and to lead to perpetration of a fraud upon purchasers of its stock in reliance upon some of its provisions.

Gates, and Polley, J. J., concurring specially.

Original application in the Supreme Court, by the National Co-Operative Farm Loan Company, a South Dakota corporation, to John Hirning, Clarence C. Caldwell, and W. N. Van Camp, as the State Securities Commission, and L. W. Henderson, as

Secretary of such Commission, for a license to sell its corporate stock within this State. The Commission having made an order denying said application, plaintiff brings certiorari. Affirmed.

The record discloses, that the question whether or not the name of plaintiff corporation is misleading to the public, as indicative of a "co-operative" character of business, was involved. The purposes of the corporation, as set forth in its articles of incorporation, are: "to provide money to be loaned to farmers, to sell the shares of its capital stock and issue certificates thereof at not less than the par value, to make, and negotiate, loans to be secured, and secured, by mortgage on farm lands, which said loans shall be made to, and the mortgages securing the same shall be executed by, persons actively engaged in an agricultural enterprise, to make loans from the assets of the company as herein indicated at an interest rate not to exceed five per cent per annum and necessary expenses of making such loans; to act as, loan agent and broker in farm lands and farm mortgages," etc.

*Amos N. Goodman,* for Plaintiff.

*C. C. Caldwell,* Attorney General, and *Byron S. Payne,* Assistant Attorney General, for Defendants.

Plaintiff cited, to point re the corporate name: 9 Cyc. 884.

WHITING, P. J. Certiorari proceedings instituted in this court against the state securities commission, pursuant to the provisions of chapter 275, Laws 1915. It is charged that such body erred in finding that plaintiff's proposed plan of business is of such a nature that the sale of its capital stock would work a fraud upon the purchasers thereof, and erred in its order of March 14, 1918, refusing plaintiff's application for permit to sell its capital stock.

The jurisdiction of the commission to act in the matter before it is not questioned, but we are called upon to review the correctness of such commission's determination. Defendants concede, and we therefore assume, but do not decide, that such statute gives us jurisdiction to review the correctness of the finding and order of the commission. We are of the opinion that there was evidence ample to justify the commission's concluding that the contents of plaintiff's articles of incorporation

are of a nature fitted to deceive the unwary, and to lead to the perpetration of a fraud upon those who would purchase its stock in reliance upon some of its provisions.

The order of the state securities commission should be, and it is, affirmed.

GATES, J. (concurring specially). I do not disagree with the opinion, if we are to consider the merits. I do, however, question whether by section 22, c. 275, Laws 1915, it was the legislative intent to enlarge the scope of the writ of certiorari, as defined in section 760, C. C. P., and therefore whether we ought to consider the merits, even under plaintiff's concession.

POLLEY, J., concurs in the above.