STATE, ex rel HARRY GREY, Plaintiff, v. CIRCUIT COURT OF MINNEHAHA CO., et al, Defendants.

(235 N. W. 509.)

(File No. 7081. Opinion filed March 10, 1931.)

*Mundt & Mundt,* of Sioux Falls, and *O'Keeffe & Stephens,* of Pierre, for Relator.

*M. Q. Sharpe,* Attorney General; *R. F. Drewry,* Assistant Attorney General, and *Lucius J. Wall,* State's Attorney, of Sioux Falls, for Defendants.

CAMPBELL, J.   Three criminal actions were instituted and pending against relator, Harry Grey, in the circuit court of Minnehaha county, S. D., charging him with the unlawful issuance of checks without funds in violation of chapter 121, Laws 1923, commonly known as the "Bad Check Law."

Section 3 of said law provides as follows:

"That in any case where a prosecution is begun under this act, the defendant shall have a right, upon application made for that purpose before trial, to have said action abated by showing to the court or the judge that he has had an account in said bank upon which said check, draft or order was drawn, thirty days next prior to the time said check, draft or order was delivered, and that said check, draft or order was drawn upon said bank or depository without intent to defraud the party receiving the same, and if the court shall so find, said action shall be abated and the defendant shall be discharged upon paying into the court the amount of such check, draft or order and the costs in such case."

Prior to the trial of said criminal actions the defendant therein, Harry Grey, made application to the court to have said actions abated pursuant to the provisions of the statute last above quoted.

On said application for abatement, Hon. John T. Medin, one of the judges of the court wherein said criminal actions were pending, conducted a hearing wherein testimony was introduced, both orally and by deposition, and, after considering said testimony and the arguments of counsel, duly made and entered an order denying said application for abatement in the following terms (italics ours):

"The defendant in the above entitled matter having made application to the Court to have three certain criminal actions abated and which said application came on for hearing before the Court at the chambers thereof, in the courthouse in the city of Sioux Falls, South Dakota, pursuant to an order to show cause under date of January 18, 1930, and which said order to show cause came on for hearing on the 27th day of January, 1930, and on the 12th day of May, 1930, and said abatement actions being based upon three checks, one in the sum of $55.00 dated at Sioux Falls, South

Dakota, April 25, 1928, and payable to the order of the Rierden Motor Company and drawn on the Farmers State Bank, Canning, South Dakota and signed by Harry Grey and one check dated at Chamberlain, South Dakota, November 6, 1928 in the sum of $30.00 payable to the order of Albert Hotel and drawn on the Chamberlain State Bank and signed Minnie Grey by H. Grey and one check dated at Chamberlain, South Dakota, November 9, 1928 and drawn on the Chamberlain State Bank and made payable to the order of Cash and signed by Minnie Grey by Harry Grey and which said checks the State of South Dakota claim were issued and drawn on said banks without funds or credit in said banks and with the intent to defraud the persons to whom said checks were made payable to or delivered to and the Court having heard the evidence and arguments of counsel and examined all the files and records in said case and being fully advised in the premises the Court finds that Harry Grey never had an account in the Farmers State Bank, Canning, South Dakota, and never had an account in the Chamberlain State Bank, upon which said checks were drawn and *the defendant not being able to show that he had an account in said bank within thirty days prior to the time the checks were drawn and that he did not intend to defraud the parties receiving the same,*

"Now, therefore, is is hereby Ordered that the application of the Defendant, Harry Grey to abate the three criminal actions now pending in the Circuit Court of Minnehaha County, South Dakota, against him, is hereby overruled and denied."

After the entry and filing of said order denying the application for abatement, defendant, Grey, as relator made application to this court for a review of the matter upon certiorari, and the then presiding judge of this court (Brown, J.) issued the writ without any notice of the application therefor to the defendants and without giving said defendants any opportunity to show cause why the writ should not issue.

Pursuant to the writ, and as ordered thereby, the record was transmitted to this court, and due return to the writ was made by the defendants, and the matter was orally presented before this court upon the return day, and is now for our disposition.

Section 2996, R. C. 1919, provides that the Supreme Court may grant a writ of certiorari "when inferior courts * * *

have exceeded their jurisdiction, and there is no writ of error or appeal, nor, in the judgment of the court, any other plain, speedy and adequate remedy."

The extent of review upon certiorari is prescribed by section 3002, R. C. 1919, as follows:

"The review upon this writ cannot be extended further than to determine whether the inferior court, tribunal, board or officer, has regularly pursued the authority of such court, tribunal, board or officer."

These statutory provisions, in substance, enunciate the general rule applicable to certiorari (except where it may be broadened in scope by express statute) that it may be availed of in those cases, and those cases only, where the inferior tribunal has acted without jurisdiction or in excess of its jurisdiction, and there is no remedy by writ of error or appeal or other plain, speedy, and adequate remedy.

██ In the instant case, relator made application to the circuit court of Minnehaha county for an abatement of criminal proceedings there pending against him. Relator affirmatively invoked the jurisdiction of said circuit court by his application for abatement, and there is no possible question but that said circuit court had jurisdiction to consider said application for abatement and to act thereon. The statute previously quoted made it the duty of the circuit court in such case to consider the application for abatement, and the statutory provision is that the criminal action should be abated and the defendant discharged if he succeeds in showing to the court that he had had an account in the bank upon which the check was drawn thirty days next prior to the delivery of said check, and that he had drawn the check in question without intent to defraud the party receiving the same, and if the court should so find. In the instant case, the court did not so find, but, by the recitals in his order denying the abatement, Judge Medin specifically and affirmatively found that the defendant had failed to show that he had accounts in said banks within thirty days prior to the drawing of the checks, and that he had failed to show that he did not intend to defraud the parties receiving the same.

The substance of relator's present contention is that, when the prescribed showing is made by a defendant upon his application for abatement, it is the affirmative duty of the trial judge to enter an

order abating the criminal proceeding, and, if he fails to enter such order, or enters any other or different order, he exceeds his jurisdiction. Relator contends that all the evidence in the instant case presented on the application for abatement shows, and is sufficient to show, that relator did have accounts in the two banks involved within thirty days prior to the drawing of the checks in question, and that he did not intend to defraud the persons to whom he gave such checks, and therefore that it was mandatory upon the learned circuit judge to find accordingly and to enter an order of abatement, and that, in failing to find accordingly and in entering an order denying abatement, he exceeded his jurisdiction.

It seems very plain to us that certiorari will not lie in the instant case.

▇▇▇ The jurisdiction of the Circuit Court to act on the application for abatement is apparent. To secure the abatement, the burden was upon relator to establish certain prescribed facts to the satisfaction of the court. If these facts were so established, it was the duty of the court to order the abatement. In the instant case, the court has definitely and positively found that such facts were not established to its satisfaction, and therefore has refused to order the abatement. The real question in controversy is as to the sufficiency or insufficiency of the evidence offered and received in the abatement proceeding to support the court's finding therein. If the findings of the learned trial judge are correct, manifestly he entered the only order that he should have entered; that is, a denial of the abatement. On the abatement hearing, testimony was introduced by deposition, and the relator himself and other witnesses testified orally before the learned trial judge, who had an opportunity to observe their manner and demeanor and form his opinion as to their credibility. Certainly the learned trial judge was not obligated, nor is this court, to accept as absolute truth every word spoken by the relator upon the hearing below, even if not specifically or positively contradicted by testimony of other witnesses. The trial judge was entitled to take into consideration all the facts and circumstances appearing and to form and entertain his opinion as to the credibility of various witnesses and find accordingly. Judge Medin had full jurisdiction to act on the application. As an integral part of such action, he had full jurisdiction to hear the evidence offered and to find and determine from such evidence the existence or non-

existence of material facts. Even if his findings were erroneous and contrary to the preponderance of the evidence submitted (as to which we have made no investigation and do not undertake to determine), his jurisdiction would not thereby be affected. It seems quite elementary that the jurisdiction of a court is not destroyed by making a finding of fact contrary to the clear preponderance of the evidence. Such errors, if they exist, cannot destroy jurisdiction, and therefore certiorari is not the remedy to determine whether or not they do exist. Unless by virtue of special and express statutory provision, certiorari cannot be used to examine evidence for the purpose of determining the correctness of a finding, at least in the absence of fraud, or willful and arbitrary disregard of undisputed and indisputable proof wherein credibility of witnesses is not involved. National, etc., Co. v. Hirning, 40 S. D. 448, 167 N. W. 1055; Austin v. Eddy, 41 S. D. 640, at page 648, 172 N. W. 517; Southwest Branch, etc., v. Dakota Central Telephone Co., 53 S. D. 121, 220 N. W. 475.

The remedy of relator was to take an exception to the order denying his application for abatement, whereby such order would become reviewable under section 5043, R. C. 1919, upon appeal from final judgment of conviction in the criminal cases, if he were convicted. He has no remedy by certiorari, and the writ was improvidently issued by the then presiding judge of this court, and must be quashed and the proceeding dismissed. Let an order be entered accordingly.

POLLEY, P. J., and BURCH, and WARREN, JJ., concur.
ROBERTS, J., disqualified and not participating.