WILLARD, Appellant v. CIVIL SERVICE BOARD OF SIOUX FALLS et al., Respondents

(63 N. W.2d 801)

(File No. 9241.  Opinion filed April 7, 1954)

Gene E. Pruitt, Sioux Falls, for Plaintiff and Appellant.
Thomas J. Barron, Sioux Falls, for Defendants and Respondents.

RUDOLPH, J.  The City of Sioux Falls has established a Civil Service System for its municipal employees, policemen and firemen and has appointed a Civil Service Board. SDC Supp. 45.0201(103).  Appellant, William Willard, was discharged from the police force by the Chief of Police and he appealed to the Civil Service Board, which affirmed his discharge.  He then had the proceedings of the Board reviewed by the circuit court under a writ of certiorari.  The circuit court denied appellant any relief and affirmed the action of the Board.

The proceedings before the circuit court being in certiorari the review by that court extended only to determine whether the Board acted without jurisdiction or in excess of its jurisdiction.  SDC 37.0401 and SDC 37.0407.  Applying these statutes this court said in the case of State ex rel. Grey v. Circuit Court of Minnehaha County, 58 S.D. 152, 235 N.W. 509, 511, "* * *  certiorari cannot be used to examine evidence for the purpose of determining the correctness of a finding, at least in the absence of fraud, or willful and arbitrary disregard of undisputed and indisputable proof wherein credibilty of witnesses is not involved."

We have considered the entire record including the transcript of the testimony.  It is not contended that Board was without jurisdiction to review the action of the Chief of Police, or that the proceedings invoking this jurisdiction were illegal or void.  The contention seems to be that there was an entire lack of evidence upon which the Board could determine that the Chief of Police discharged appellant "in good faith for cause," which is an essential for disciplinary action under the ordinance. Briefly stated, there is evidence

supporting the following: Willard while a member of the police force obtained other employment for a period of 8 hours each day. His regular employment as a policeman was from 10 o'clock A.M. to 6 o'clock P.M. each day except Sunday. His outside employment was from 11 P.M. to 7 A.M. If a member of the police force wished to augment his salary with some outside work he was required to file an application with the Chief of Police stating the nature of outside work and the time that would be required. Willard had made such application in June 1952 for work which involved 4 hour's time each day four days a week. This application had been granted. However, it appears that he made no request to be permitted to perform the outside work involved in this dispute. Upon hearing that he was performing such work the Chief of Police called him in and advised him that he could not approve this work which required 8 hours a day in addition to his regular police work and told him that he could have until the next evening to make up his mind which job he wanted. Willard did not contact the Chief until the day after the time within which the Chief gave him to make up his mind and then stated that he had decided to quit the outside work in about two weeks after breaking in another man. The Chief did not approve of this arrangement and so advised Willard but Willard insisted on going ahead with the outside work for the period indicated, whereupon he was discharged by the Chief. Under Rule 17 of the Rules governing the Sioux Falls Police Department a ground for disciplinary action is a failure to comply with any order relating to the position or duties of any member of the Police Department.

█ The mere statement of this evidence discloses that the Board acted neither fraudulently or in arbitrary or willful disregard of undisputed and indisputable proof. We conclude that on this issue the Board regularly pursued its authority.

█ █ Appellant also contends that he was denied a fair hearing before the Board. This contention is based upon the refusal of the Board to permit the introduction of certain evidence offered by appellant. Without determining the correctness of the ruling of the Board on the offered evi-

dence, we hold that such ruling of the Board cannot be reviewed in certiorari. The offered evidence did not relate to any jurisdictional fact, but was offered to dispute the Chief's testimony concerning a member of the force accepting outside employment. At most it would have raised an issue of fact for the determinination of the Board, and there is no hint in the record that the offered testimony was rejected arbitrarily or in bad faith. Were we to consider whether the Board rightly or wrongly refused to consider this offered testimony we would be converting a proceeding in certiorari to an appeal proceeding on this issue. As stated above, in this state the review on certiorari is limited to a determination of whether the Board acted without jurisdiction or in excess of its jurisdiction. This limitation upon the review of the proceeding by the circuit court precluded that court from reviewing the rulings of the Board upon the admission or rejection of testimony. 14 C.J.S., Certiorari, § 151(c) page 295.

We have considered other assigned error and find it without merit.

The judgment appealed from is affirmed.

All the Judges concur.