Unified Judicial System

 

 
 Formatting provided courtesy of State Bar of South Dakota
and South Dakota Continuing Legal Education, Inc.
222 East Capitol Ave.
Pierre, SD 57501-2596 
CHRIS W. COLE,
Petitioner and Appellee,
v.
BOARD OF ADJUSTMENT OF THE CITY OF HURON
(the City Commission acting thereas),
Defendant,
and Casey's General Stores, Inc.,
Intervenor and Appellant.
South Dakota Supreme Court
Appeal from the Third Judicial Circuit, Beadle County, SD
Hon. Jon R. Erickson, Judge
#20583--Reversed
Todd D. Wilkinson, Gary W. Schumacher
Wilkinson & Wilkinson, DeSmet, SD
Attorneys for Petitioner and Appellee.
Rodney Freeman Jr., Jeff Burns
Churchill, Manolis, Freeman, Kludt, & Shelton, Huron, SD
Attorneys for Intervenor and Appellant.
Considered on Briefs Mar 24, 1999; Opinion Filed Apr 28, 1999
GILBERTSON, Justice.
[Â¶1] Landowner applied for and received a writ of certiorari contesting the grant of a variance by the Board of Adjustment for the City of Huron. The trial court found the Board's grant of a variance was not done in compliance with the City's zoning ordinances and reversed. We reverse and remand to the trial court with instructions to reconsider this case applying the appropriate standard of review.
FACTS AND PROCEDURE 
[Â¶2] On January 12, 1998, Casey's General Stores, Inc., Anthony Stahl and Floyd H. Peterson (Casey's) applied to the Board of Adjustment for the City of Huron (Board) for a variance to construct a gas station/convenience store in an area of the City zoned R-2 (one-family residential). The property had been vacant for nearly 50 years. The Board found the area was in transition from a residential to commercial area. The variance was granted.
[Â¶3] On January 14, 1998, Chris W. Cole (Cole) applied for and received a writ of certiorari. Cole owns land in the subject neighborhood and contested the grant of the variance. The trial court reversed the Board's decision finding "[t]he action of the Board granting Casey's a variance was not done in compliance with the City's zoning ordinances."
[Â¶4] Casey's appeals, raising the following issue:


Whether the trial court exceeded its jurisdiction in reviewing the Board of Adjustment's decision de novo.
STANDARD OF REVIEW 


Zoning ordinances are interpreted according to the rules of statutory construction and any rules of construction included in the ordinances themselves. Cordell v. Codington County, 526 NW2d 115, 117 (SD 1994). See also 83 AmJur2d Zoning and Planning Â§698 (1992). The interpretation of an ordinance presents a question of law which we review de novo. See Matter of Estate of Gossman, 1996 SD 124, Â¶6, 555 NW2d 102, 104 (citing Sioux Valley Hosp. Ass'n v. State, 519 NW2d 334, 335 (SD 1994); King v. John Hancock Mut. Life Ins. Co., 500 NW2d 619, 621 (SD 1993)). When interpreting an ordinance, we must assume that the legislative body meant what the ordinance says and give its words and phrases plain meaning and effect. See Nilson v. Clay County, 534 NW2d 598, 601 (SD 1995).
Because this matter was presented to the trial court on certiorari, our scope of review is limited to the questions of whether the inferior courts, officers, boards, and tribunals had jurisdiction and whether they have regularly pursued the authority conferred upon them. Save Centennial Valley Ass'n Inc. v. Schultz, 284 NW2d 452, 454 (SD 1979). "When such courts, officers, boards, or tribunals have jurisdiction over the subject matter and of the party, their action will be sustained unless in their proceedings they did some act forbidden by law or neglected to do some act required by law." Id. (citing State v. State Board of Assessment and Equalization, 3 SD 338, 53 NW 192 (1892)).
Peters v. Spearfish ETJ Planning Comm'n, 1997 SD 105, Â¶Â¶5-6, 567 NW2d 880, 883. (Emphasis added).
ANALYSIS AND DECISION 
[Â¶5] Whether the trial court exceed its jurisdiction in reviewing the Board of Adjustment's decision de novo.
[Â¶6] Although the zoning ordinance is central to this case, a copy of the ordinance was not included in the record. This Court has stated a number of times:


Absent statutory authorization, courts of general jurisdiction, such as our circuit courts, may not take judicial notice of municipal ordinances. An ordinance therefore must be introduced into evidence and be made part of the record.
Nase v. Christensen, 409 NW2d 131, 132 (SD 1987) (footnote and internal citation omitted). Cole did not object to the lack of a copy of the ordinance in the record. Therefore, this defect is waived. State v. Hauge, 1996 SD 48, Â¶13, 547 NW2d 173, 177 (citation omitted).
[Â¶7] A second defect which Casey's must overcome is whether we were provided with a copy of the ordinance or sufficient portions of it to adjudicate the issues presented to us on appeal. Even though the record is incomplete in this case, we can reach the standard of review issue on its merits despite the absence of the complete ordinance. Cf. Robbins v. Buntrock, 1996 SD 84, Â¶10, 550 NW2d 422, 425-6. (This Court took judicial notice of a municipal speed limit). We have bits and pieces of the ordinance scattered throughout the record, in the trial court's findings and conclusions and the parties' briefs. This is enough information to allow us to reach the required conclusion.
[Â¶8] The trial court granted Cole a writ of certiorari. The court reversed the holding of the Board after a de novo review of this case. It stated the Board was "not in compliance with the city's zoning ordinance." As the court used an incorrect standard of review for this case we reverse and remand to the trial court for a re-trial using the correct standard of review.
[Â¶9] SDCL 21-31-1 provides:


A writ of certiorari may be granted by the Supreme and circuit Courts, when inferior courts, officers, boards, or tribunals have exceeded their jurisdiction, and there is no writ of error or appeal nor, in the judgment of the court, any other plain, speedy, and adequate remedy.
[Â¶10] It is well established in South Dakota law that the only question presented on certiorari is whether the lower tribunal exceeded its jurisdiction. See Hamerly v. City of Lennox Bd. of Adj., 1998 SD 43, Â¶14, 578 NW2d 566, 569 ("the circuit court should ... [limit] its judgment to a reversal of the Board's final decision as illegal and in excess of its jurisdiction."); Willard v. Civil Service Board of Sioux Falls, 75 SD 297, 298, 63 NW2d 801 (1954). (Review of circuit court proceedings on certiorari extends only to determination of whether board which circuit court reviewed acted without jurisdiction or in excess of jurisdiction; court will not review matters of evidence in absence of showing that board acted fraudulently or in arbitrary or willful disregard of undisputed and indisputable proof.); Kirby v. Circuit Court, McCook County, 10 SD 38, 40-1, 71 NW 140, 141 (1897) ("[T]he only questions to be considered in this court [on a writ of certiorari] are whether the court, upon the record before it, exceeded its jurisdiction, or whether that court has failed to regularly pursue the authority of such court.").
[Â¶11] It is quite clear from the Findings of Fact and Conclusions of Law and the incorporated memorandum opinion, the trial court did not utilize the correct standard of review for a writ of certiorari. The trial court reviewed the record de novo, taking into consideration the status of the property and drawing the conclusion that there was no evidence supporting the Board's finding of a special condition to justify the variance. We have said, "certiorari cannot be used to examine evidence for the purpose of determining the correctness of a finding ... ." Willard, 75 SD at 298, 63 NW2d at 801. (Emphasis added).
[Â¶12] Therefore, we reverse and remand to the trial court for further proceedings with application of the proper standard of review.
[Â¶13] MILLER, Chief Justice, and SABERS, AMUNDSON and KONENKAMP, Justices, concur.