#25045-a-JKK

**2009 SD 61**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

|  |  |
|---|---|
| DONALD ANDERSEN and<br>SHIRLEY ANDERSEN, | Petitioners and Appellants, |
| v. |  |
| TOWN OF BADGER (a municipal<br>corporation under the laws of the<br>State of South Dakota), | Respondents and Appellees. |

* * * *

APPEAL FROM THE CIRCUIT COURT
OF THE THIRD JUDICIAL CIRCUIT
KINGSBURY COUNTY, SOUTH DAKOTA

* * * *

HONORABLE TIM D. TUCKER
Judge

* * * *

|  |  |
|---|---|
| A. J. SWANSON<br>Canton, South Dakota | Attorney for petitioners<br>and appellants. |
| TODD D. WILKINSON of<br>Wilkinson & Wilkinson<br>DeSmet, South Dakota | Attorneys for respondents<br>and appellees. |

* * * *

CONSIDERED ON BRIEFS
ON APRIL 27, 2009

OPINION FILED **07/15/09**

#25045

KONENKAMP, Justice

[¶1.]      A Kingsbury County zoning ordinance governing the location of concentrated animal feeding operations allows local incorporated communities an option to waive distance requirements for a feeding operation.  Seeking to construct such a facility near the Town of Badger, a businessperson requested that the town waive the distance requirement, and the town's board of trustees agreed.  Certain residents of the town petitioned the circuit court for a writ of certiorari challenging the town's power to execute a waiver.  The court denied the writ, concluding that the Town of Badger had such power.  Petitioners appeal, and we affirm.

## Background

[¶2.]      Petitioners Donald and Shirley Andersen are residents of the Town of Badger, in Kingsbury County.  Under one of the county's zoning ordinances, a Class A concentrated animal feeding operation (CAFO) cannot be situated closer than four miles from buildings within incorporated municipal areas, plus 440 feet for each additional 1,000 animal units over 1,000.  This distance restriction is commonly referred to as the required separation distance, or RSD.  The county allowed for exceptions.  The exception applicable to this case permits a CAFO to be "constructed or expanded closer than the required separation distance within the corporate limits of a city," as long as "the incorporated community approves a waiver which shall be stated in writing."  Such waiver "becomes effective only after recording with the Register of Deeds."

[¶3.]      Richard Vendrig requested a permit from Kingsbury County to build a Class A CAFO at a location about two miles southwest of the Town of Badger.

Vendrig sought a waiver of the RSD from the town. Badger is a class three municipality, governed by a board of trustees. At the time Vendrig requested the waiver, the board members were Myron Andersen, Curt Holland, and Daniel Waldner. On July 21, 2008, a quorum of the town's board adopted a motion to grant Vendrig the waiver. The board's motion was issued by legal publication on August 7, 2008. On September 15, 2008, Myron Andersen, on behalf of the Town of Badger, executed a document in favor of Vendrig entitled "Waiver of Separation Distance Requirement."

[¶4.]     On September 5, 2008, petitioners sought a writ of certiorari in circuit court. They argued that the town had no authority to give a waiver in Vendrig's favor. The court held a non-evidentiary hearing and concluded that the Town of Badger had the power to execute the waiver. The writ was denied. Petitioners appeal arguing that the court abused its discretion when it refused to issue the writ and erred when it concluded that the town had the authority to adopt the waiver.*

## Analysis and Decision

[¶5.]     The only question for us to consider here is whether the Town of Badger acted without or exceeded its jurisdiction in granting the waiver in favor of Vendrig under the Kingsbury County zoning ordinance. *See* Cole v. Bd. of Adjustment of City of Huron, 1999 SD 54, ¶10, 592 NW2d 175, 177 (citing Hamerly

---

*     When a matter is presented on certiorari, our review is "limited to the questions of whether the inferior courts, officers, boards, and tribunals had jurisdiction and whether they have regularly pursued the authority conferred upon them." Cole v. Bd. of Adjustment of City of Huron, 1999 SD 54, ¶4, 592 NW2d 175, 176 (quoting Peters v. Spearfish ETJ Planning Comm'n, 1997 SD 105, ¶6, 567 NW2d 880, 883) (additional citation omitted).

v. City of Lennox Bd. of Adjustment, 1998 SD 43, ¶14, 578 NW2d 566, 569; Willard

v. Civil Serv. Bd. of Sioux Falls, 75 SD 297, 300, 63 NW2d 801, 802 (1954); Kirby v.

Circuit Court of McCook County, 10 SD 38, 40, 71 NW 140, 141 (1897)).

[¶6.] Petitioners do not challenge Kingsbury County's authority to draft a

zoning ordinance setting forth certain RSDs for CAFOs. They contend, however,

that merely because the county's zoning ordinance gave the Town of Badger the

power to waive the RSD does not mean that the town had the legal authority to do

so. Petitioners maintain that absent a grant of authority from the Legislature, the

town does not have the power to act under Kingsbury County's zoning ordinance.

[¶7.] The Town of Badger bases its authority to execute the waiver on

certain language in SDCL 11-4-1. This statute provides:

> *For the purpose of promoting* health, safety, or *the general
> welfare of the community the governing body of any municipality
> may regulate* and restrict the height, number of stories, and size
> of buildings and other structures; the percentage of lot that may
> be occupied; the size of the yards, courts, and other open spaces;
> the density of population; and *the location and use of buildings,
> structures, and land for* trade, industry, residence, flood plain, or
> *other purposes.* A municipality may enter into an agreement
> with any landowner specifying the conditions under which the
> landowner's property may be developed.

*Id.* (emphasis added). Relying on a municipality's power to regulate, the town

contends that it had the authority to execute the waiver under Kingsbury County's

zoning ordinance.

[¶8.] We do not believe the Town of Badger had the authority to execute the

waiver in question under SDCL 11-4-1. SDCL chapter 11-4 relates to municipal

power to plan and zone. In fact, "[i]n order to avail itself of the powers conferred by

this chapter, the governing body [must] appoint a commission to be known as the

planning and zoning commission to recommend the boundaries of the zoning districts and appropriate regulations to be enforced therein." SDCL 11-4-11. Therefore, we cannot conclude that, based on the language of SDCL 11-4-1, the Town of Badger had broad regulatory and police powers to execute the waiver in question.

[¶9.] On the other hand, SDCL 9-12-1(1) gives "[e]very municipality" the power "to contract in its corporate name[.]" Here, Kingsbury County enacted a zoning plan for the county, which includes the area within the city limits of the Town of Badger. In this zoning plan is an ordinance that gives an incorporated community the right to waive certain RSDs for a CAFO, when a proposed CAFO location violates Kingsbury County's zoning requirements. It is important to note that Vendrig's CAFO will not be constructed within the Town of Badger's city limits. Moreover, the town is not asserting a right to regulate or restrict the location of the CAFO because of a town-enacted zoning ordinance. Rather, the town acted based on an option given to it by the county. Because SDCL 9-12-1 gives a municipality the power to contract, and the Kingsbury County ordinance gave the Town of Badger the option to determine whether a waiver should be executed, we conclude that the town had the authority to waive the RSD under the Kingsbury County zoning ordinance. The circuit court did not err in denying the writ.

[¶10.] Affirmed.

[¶11.] GILBERTSON, Chief Justice, and ZINTER, MEIERHENRY, and SEVERSON, Justices, concur.