CITY OF DEADWOOD, Respondent, v. HURSH, Appellant.

(138 N. W. 1122.)

1. **Appeal—Review—Directed Verdict—Sufficiency of Evidence.**

    Where both parties moved for directed verdict, and verdict was directed for plaintiff, the decision of trial judge is conclusive on appeal, unless against clear preponderance of evidence.

2. **Nuisance—Prescriptive Right—Adverse Possession—Common Law.**

    Under Civ. Code, Secs. 2393, 2394, declaring an obstruction to a public street to be a nuisance, and Sec. 2399, declaring that no lapse of time can legalize a public nuisance, 20 years' maintenance of an obstruction in a public street will not ripen into a right. The rule is also well established regardless of statutory provisions, that a public nuisance cannot be acquired by prescription.

3. **Nuisance—Equitable Estoppel—Knowledge of Facts—Stairway.**

    Where defendant maintained a public nuisance by constructing and using for many years an areaway and stairway to his building, which obstructions were on a street, which occupancy in defendant and his grantors was known to him and them, through their muniments of title, not to have been by virtue of any right or title, but was merely permissive, the doctrine of equitable estoppel has no application.

(Opinion filed Dec. 14, 1912. Rehearing denied Feb. 3, 1913.)

Appeal from Circuit Court, Lawrence County. Hon. WILLIAM G. RICE, Judge.

Action by the City of Deadwood against Christopher S. Hursh, for abatement of an alleged public nuisance. From a judgment for plaintiff, entered upon a directed verdict, defendant appeals. Affirmed.

*Hayes & Heffron,* for Appellant.

The actual manual possession of this area in controversy and its substantial improvement for years before and after the execu-

tion of such deeds, negatives intention on the part of such grantors to surrender their rights. The area actually withheld and used by appellant's grantors is necessarily excepted from the recognition of Gold street in general terms. The existence of Gold street along the northerly side of this lot, and the right for at least 32 years in the lot owners to the possession and use of the small area in controversy appurtenant to the building, may co-exist and did exist without conflict.

The owner of abutting land, by deeds of conveyance or conduct recognizing the street, dedicates, in a certain sense; more properly, he becomes subject to an estoppel in pais; but as between himself and the public the effect of his acts is practically the same.

"An offer of dedication to bind the dedicator need not be accepted by the city or county or other public authorities, but may be accepted by the general public." 13 Cyc. p. 465.

"Acceptance may be in whole or in part." 13 Cyc. p. 472.

"In all cases the dedication must be understood and construed with reference to the objects and purposes for which it was made, and effect given to the dedication to the full extent intended by the grantors." 13 Cyc. p. 486.

"Where the right to a highway depends solely upon user by the public, its width and the extent of the servitude imposed on the land are measured and determined by the character and extent of the user, for the easement cannot upon principle or authority be broader than the user." 13 Cyc. p. 488; Wayne County Savings Bank v. Stockwell, 84 Mich. 586, 48 N. W. 174.

In this case no estoppel arises by reason of the building being placed on the line of the lot, for the masonry walls of the area way constructed at the same time embraced the disputed territory. No estoppel arises by reason of the descriptions in the deeds recognizing Gold street, for the area was then withheld, it could not have been the intention of appellant's grantors to surrender that area, and that area has never been accepted or used by the public for street purposes. The possible conjectural use of this area by the public prior to 1879 could have created no prescriptive rights in the public, was less than 20 years, and the highway to the extent of the area in controversy has certainly been abandoned for thirty-two years last past. Under all the cir-

cumstances in this case the maintenance of a sidewalk in years past by the city about this area way, allowing space for the same, equitably estops the city from further contention herein. City of Watertown v. Troeh, (S. D.) 125 N. W. 501.

It was error for the trial court to direct a verdict for plaintiff on the uncontroverted evidence submitted by plaintiff showing 20 years adverse user by defendant and equitable estoppel of plaintiff to assert claim to area in controversy.

When both parties move for a directed verdict the direction of verdict for plaintiff, if unsupported by evidence, is reversible error; if, beyond this, the evidence submitted by plaintiff actually supports the affirmative defenses of defendant's answer, there is all the greater reason for reversal.

Appellant concedes at the outset that these defenses are not by the present weight of authority ordinarily available against an established public use, where the original trespass was wrongful; that as against the public rights in a highway, a trespass does not ripen into title by continuance; but so many exceptions are recognized to the rule that in cases such as this at bar, the question becomes one for the equitable consideration of the court.

The respondent is equitably estopped by 32 years acquiescence in the enjoyment and use of this means of ingress and egress, to question it. The owner of a building facing on a public street, has rights different from those of the public generally in the street immediately in front of his premises, and his enjoyment of those rights may be restricted only by the public requirements. He shares with the public in the use of the street. The private and public rights may be enjoyed without conflict. The volume of public travel is an important element in considering attempted restriction of private use. Private use of a public street by means of steps or otherwise, maintained on an unfrequented street, may be entirely reasonable; while such use on a crowded thoroughfare may impede public travel. There is no evidence in this record that the use of this limited territory for stairway purposes impedes in any way the use of the street for travel. While the complaint charges interference, the evidence of plaintiff fails to disclose it even by inference. It is not shown that the travel along this street is sufficient to necessitate more space than at present used by the public.

"While a municipal corporation does not own and cannot alienate the public streets or places and no mere laches on its part or on the part of its officers, can defeat the right of the public thereto; yet there may grow up, in consequence, private rights of more persuasive force in the particular case than those of the public. It will perhaps be found that cases sometimes arise of such a character that justice requires that an equitable estoppel shall be asserted even against the public; there is no danger in recognizing such a principle of an estoppel in pais as applicable to exceptional cases, since this leaves the courts to decide the question, not by the mere lapse of time, but upon all the circumstances of the case, and to hold the public estopped or not, as right and justice may require. Dillon on Municipal Corporations, 675.

Under repeated decisions in this state the owner of a lot abutting on a public street owns the fee to the center of the highway. Appellant then owns the fee to the center of Gold street, and the fee is not burdened with the right of way of the public beyond the territory actually used.

If the grantors of appellant by their deed or otherwise dedicated this territory to the public, only the portion accepted and utilized would constitute a street. Bell v. City of Burlington, (Ia.) 27 N. W. 245; Gregory v. Knight, (Mich.) 14 N. W. 700, 50 Mich. 61-64; Colman v. Flint & P. M. R. Co. (Mich.) 31 N. W. 47; City of Big Rapids v. Comstock, (Mich.) 31 N. W. 811; Paine Lumber Co. v. Oshkosh, 61 N. W. 1110, 89 Wis. 449.

The public may be estopped by long acquiescence, or under circumstances rendering it inequitable to disturb existing conditions.. Oliver v. Synharst, (Ore.) 86 Pac. 376, 7th L. R. A. (N. S.) 243, and cases cited; Orr v. O'Brien, 77 Iowa, 253, 14 A. S. R. 278, 42 N. W. 183; Callett v. Vanderburgh County, (Ind.) 4 L. R. A. 321.

A town will be enjoined from interfering with steps placed upon the sidewalk by a particular individual to afford a necessary access to his abutting building, where they do not unreasonably or materially interfere with the public use of the walk, and the presence of such steps upon the walk is usual and customary within the municipality. A prescriptive right may be secured to maintain steps upon a sidewalk which are necessary to furnish

access to abutting buildings. Pickerell v. City of Carlisle, (Ky.) 121 S. W. 1029, 24 L. R. A. (N. S.) 193; Com. ex rel. Elkins v. First Nat. Bank., 207 Pa. 255, 56 Atl. 437; Elliott on Roads & Streets, 1st Ed., pp. 291-292.

*Norman T. Mason,* City Attorney, for Respondent.

Appellant erroneously assumes that this was an action in ejectment, and the plaintiff must, therefore, recover upon the strength of its own title.

In reality, however, it is an action to abate a public nuisance. The plaintiff instead of alleging in itself ownership of a public highway, ouster therefrom, and prayer for possession, alleges the defendant's ownership of Lot 16 in question, that he maintains as a part of the building situate on said lot a stairway extending from the ground on the outside of said building, which is built and maintained on and in a portion of Gold street, which is one of the public highways of the City of Deadwood, and that the said stairway deprives the public of a portion of the street covered thereby, interferes with public travel, and constitutes a continuing trespass; praying for possession "and that the said stairway be decreed to be removed and the nuisance thereby created abated," etc.

The action is brought under the Revised Civil Code, section 2400, Sub. 2; "the remedies against a public nuisance are, (1) Indictment, (2) A Civil action, or, (3) Abatement."

A civil action lies in behalf of a municipal corporation. Town of Britton v. Guy, 17 S. D. 588.

The deed under which defendant and appellant claims contains a fuller description than that set out in appellant's brief; it conveys a parcel of land "situated in the City of Deadwood on the westerly side of Main street and fronting 25 feet thereon, and extending back an even width a distance of 100 feet along the southerly side of Gold street to the alley in the rear of Block 3; said premises being described on the official map of said City compiled by P. L. Rogers as Lot No. 16 in Block No. 3, and being known as the Nye property on Main street." (Trans., p. 33).

So, in an earlier deed in defendant's chain of title, which was executed in July, 1885, the premises are not only described as situated at the corner of Gold and Main street, being 25 feet in width on Main street and 100 feet in length on Gold street, but they are described by number as Lot 16, and further described,

"Said lot being occupied fully by Nye's opera house, 25 feet by 100 feet square."

A still earlier deed in defendant's chain of title describes the premises by lot and block, Lot 16, Block 3, situated on the corner of Main and Gold streets, giving the dimensions on each street as above, and adds "being the premises conveyed to Leonora E. Nye by Myron C. Thumb et al., February 24, 1879. (Trans., p. 41).

There can be no question from these deeds of the intent of the grantors. It is much more clearly expressed than in the Case of City of Watertown v. Troeh, 125 N. W. Rep. 503, in which this court held that there was a dedication.

Further, however, the defendant himself holds his title under a deed expressly stating "Said premises being described on the official map of said city compiled by P. L. Rogers as Lot No. 16 in Block No. 3." (Trans., p. 33).

Surveyor Peck testified that the brick building was practically in position on Lot 16, Block 3, according to P. L. Rogers' official plat 'of the City of Deadwood, and that with reference to that plat the stairway projects into Main street something like three feet. (Appellant's brief, p. 8).

"Where an owner sells with reference to a map of a city, or town, he thereby dedicates the streets and alleys to the use of the public." 13 Cyc. 455.

And, furthermore, in such a case no acceptance is necessary to bind him.

According to the great weight of authority, if the owner of land has laid it off into lots and blocks with streets and alleys intersecting it, and sells lots with reference to a map or plat in which the land is so laid off, and he sells lots with reference to such map, he will be held to have made an irrevocable dedication of the designed streets and alleys. So far as he is concerned, no acceptance is necessary to bind him other than the mere purchase of his lots, which some courts have construed as an acceptance on the part of the public." 13 Cyc. 463.

"If a street is dedicated by the platting of land into blocks and lots intersected by streets and the sale of lots with reference to the plat, the width of the street is that fixed by the plat or map, and the failure to open and improve the street for its whole width

does not operate as an abandonment of the part not opened and improved." 13 Cyc. 488.

The very fact that at the time these conveyances were executed, the defendant and his grantors were actually using the stairways is evidence in favor of plaintiff instead of in favor of defendant; for if at that time the defendant and his grantors claimed any right to the stairway, it would have been included in the terms of the conveyances, instead of excluded therefrom in terms so clear that they could neither be ignored nor misconstrued.

Defendant's plea of the statute of Limitations.

This plea is not sustained for two reasons.

First. A prescriptive right can only be acquired, even under the twenty year statute, by one in occupation "under a claim of title exclusive of any other right." Rev. C. C. P., Sec. 49; 1 Enc. Law, pp. 795-6-7, and notes.

Here the defendant's own muniments of title affirmatively show not only that he had no claim of title to the stairway, but also the very conveyance under which he himself claims operates as a fresh dedication to the public of Gold street "as described on the official map of the City of Deadwood," the lot "extending back an even width a distance of 100 feet along the southerly side of Gold street." (Trans., p. 33).

Even in the absence of such affirmative showing, the presumption was in favor of the city.

"In every action for the recovery of real property or the possession thereof, the person establishing a legal title to the premises shall be presumed to have been possessed thereof within the time required by law, and the occupation of such premises by any other person shall be deemed to have been under and in subordination to the legal title, unless it appear that such premises have been held and possessed adversely to such legal title for twenty years before the commencement of such action." Rev. C., C. P., Sec. 46.

A permissive possession is insufficient to start the statute. 1 Enc. Law, 795-6-7.

Second. "No lapse of time can legalize a public nuisance amounting to an actual obstruction of public right. Rev. Civ. Co., Sec. 2399.

A public nuisance consists in unlawfully doing an act which interferes with, obstructs or tends to obstruct any public park, square, street or highway, and which affects at the same time an entire community or neighborhood or any considerable number of persons. Rev. Civ. Code, Secs. 2393-2394.

The right to commit a public nuisance cannot be acquired by prescription.   21 Enc. Law, p. 733; Note, 53 L. R. A., pp. 898-901-903; Vasalia v. Jacobs, 4 Pac. 433; Bowen v. Wendt, 103 Cal. 238, 37 Pac. 149.

Defendant's plea of estoppel:

This plea is likewise not sustained for two reasons.

First. Estoppel is based upon (1) A false representation, (2) Made with knowledge of the facts, (3) To a party who was ignorant, actually and permissibly, of the truth of the matter, (4) With intention that it should be acted upon, and, (5) actually acted upon.   Eickelberg v. Soper, 1 S. D. 563; 11 Enc. Law, p. 421-431-434.

The mere statement of the essentials of estoppel is sufficient to show the unfounded character of the defendant's plea.

No false representation on the part of the city officials has been shown.

Nor has the defendant shown that he acted upon any belief, whether induced by the plaintiff or not, that he had a right to build in the street.

If the evidence in this case supports a plea of estoppel, the same plea could be urged against any licensor; against a city which had actively or passively allowed a street to be partially obstructed for temporary purposes; and any nuisance would speedily become lawful, not by way of prescription but by the shorter way of estoppel.

Second. The equities are against defendant's plea.   Unthankful for favor shown in the past, he claims a vested right to favor in the future..

But conditions have changed.   A new stairway has been built by the city from the end of Gold street up to William street. (Appellant's brief, p. 11, fol. 31).   Gold street itself is a very narrow thoroughfare, only 21.7 feet wide. (Appellant's brief, p. 8, fol. 24.)   The stairway complained of projects three feet over the sidewalk (Appellant's brief, p. 8, fol. 24), leaving a passage-

way for pedestrians of but 22 or 24 inches (Appellant's brief, p 10, fol. 28), and for both teams and pedestrians of but 18.7 feet in the clear.

The defendant is not confined to this stairway to obtain access to his second story. It was not there when the building was first constructed in 1880, but is a subsequent addition. (Trans. p. 20). Furthermore, there is a regular stairway constructed in the building itself, fronting on Gold street. (Trans., p. 23).

Inasmuch as both parties moved for a directed verdict, they thereby submitted any questions of fact in the case to the decision of the court. Sundling v. Willey, 19 S. D. 295; Yankton Co. v. Ry. Co., 7 S. D. 248.

And the court's decision thereon is conclusive, unless it be against the clear preponderance of the evidence. Durand v. Preston, 128 N. W. 129 (S. D.); Ricker v. Scott, 13 S. D. 108; Sands v. Cruickshank, 15 S. D. 142; Frischel v. Grosshouser, 24 S. D. 129.

WHITING, J. In the city of Deadwood, S. D., there is a street known as Main street running north and south, and running from it toward the west is a narrow street known as Gold street. On the south side of Gold street and west side of Main street there is standing a brick building belonging to the defendant, the north and east walls of which conform to the lines of the said streets. On the north side of this building, and adjoining a part of the north wall of same, there is a 3-foot areaway extending from the sidewalk, which runs along the north side of said building, down to and connecting with the basement of such building. Above this areaway there is a stairway connecting said sidewalk with the second story of this building. It will thus be seen that the areaway and stairway are both situated in and upon what would be a part of said Gold street, providing the south boundary line of Gold street is straight. Plaintiff brought this action, claiming that such areaway and stairway occupied a portion of such street, and were, for such reason, a public nuisance; and, in its prayer for relief, it asked for the abatement of such nuisance. The defendant denied that Gold street ever included the space occupied by such areaway and stairway. The cause was tried to the court and jury. At the close of all of the testimony, both

parties moved for a direction of verdict, and the trial court directed a verdict in favor of the plaintiff. It is from the judgment entered upon such directed verdict that this appeal is taken.

[1] The only question presented for our determination is whether the decision of the trial judge in directing a verdict was against the clear preponderance of the evidence. If not, it must stand. Durand v. Preston, 26 S. D. 222, 128 N. W. 129. No useful purpose could be subserved by the reproduction of the evidence in this opinion. We think such evidence fairly proves the following: As early as the year 1877 there was a public street conforming in location to what is now Gold street. In 1879 a wooden building stood where defendant's building now stands, and the street along the north side thereof was in use. Defendant's title to the land upon which his building stands is derived through a chain of deeds, not one of which describes the land occupied by the areaway and stairway. The first transfer of which evidence was received was one dated February 24, 1879, which conveyed a tract 25 feet by 100 feet in size. The building then upon the premises burned down in 1879, and the present building was erected in 1880, and, in its construction, recognized the existence of Gold street adjoining such building. The areaway was constructed at. the time the present building was erected. The stairway was placed over such areaway in 1886. Until about two years prior to the bringing of this action, Gold street extended only to an alley or narrow street which runs north and south at the west end of defendant's lot. At that time the city acquired a right of way for and erected a stairway connecting the west end of Gold street with a street west thereof.

We think the trial court warranted in finding that, prior to the erection of the present building, there was an established street having as its south boundary line the north line of the lot upon which this building stands, which lot comprises no part of the space occupied by the areaway and stairway, and that defendant never received through his chain of title any title whatsoever to this space so occupied by the areaway and stairway. But appellant insists that, even if the street as established included such space now claimed by the street: First, the defendant has acquired the right to use said space through 20 years' occupancy; second, the city is estopped from now claiming same.

[2] The obstruction of a public street is, under the provisions of sections 2393-2394 of the Civil Code, a public nuisance. Section 2399 of such Code provides: "No lapse of time can legalize a public nuisance amounting to an actual obstruction of public right." The areaway and stairway constituted such an obstruction. Regardless of statutory provisions, the rule is well established that a right to commit a public nuisance cannot be acquired by prescription. 29 Cyc. 1207. See, also, notes following case of Ireland v. Bowman in 17 Ann. Cas. at page 789, where this rule and the reasons upon which it is founded are very fully discussed and a vast number of cases cited. See, especially, cases referred to under heading, "Highways, Streets, etc.," on page 791.

[3] It certainly needs no argument to show that the equitable doctrine of estoppel has no application to the facts of this case. As appears from the muniments of title under which defendant and his grantors held title to the lot upon which the building rested, they all had notice that their occupancy of the space taken by the areaway and stairway was not by virtue of any right or title, but was merely permissive. They were not misled. They were not ignorant of the true facts.

The judgment of the trial court is affirmed.