CITY ‹OF COLOME, Appellant, v. VON ‚SEGGERN BROS. & LUDDEN, Respondent.

(228 N. W. 800.)

(File No. 6947.   Opinion filed January 28, 1930.)

*H. O. Lund,* of Colome, for Appellant.

*W. J. Hooper,* of Gregory, for Respondent.

BROWN, P. J. Defendants at all times material to this action have been the owners of block 28 in the city (formerly town) of Colome. The block is substantially in the form of a right-angled triangle, with the hypotenuse bounding upon Elm street. An alley runs north and south through the block, opening at its north end upon Elm street, which runs in a direction from southeast to northwest, parallel to and adjoining the right of way of the Chicago & Northwestern Railway Company's track.

In March, 1911, the board of trustees of the town of Colome undertook to vacate the alley and that portion of Elm street bordering on block 28. Defendants thereupon erected a lumber shed costing several thousand dollars on block 28, the shed extending over and upon portions of the street and alley supposedly vacated, and defendants have used the premises ever since as a part of their lumber yard. In 1928, in consequence of a public highway being located over a route which required the use of Elm street to make a straight road at this point, the city commenced this action to compel the removal of defendant's lumber shed, in so far as it obtrudes upon the street and alley.

Defendant answered, admitting in substance the allegations of the complaint, and as an affirmative defense set up the vacation of the street and alley, by an ordinance which contained an emergency clause dispensing with publication of the ordinance; alleged that the ordinance was adopted for the purpose of inducing defendant to go into business in the town, and to erect its lumber shed as it did; that is constructed the shed upon a solid concrete foundation, at a cost of several thousand dollars, in reliance upon the action of the board; that it had occupied the premises ever since, and no protest or objection of any kind was ever made, either by the city or by any resident or taxpayer thereof, until the commencement of this action; that to remove any portion of the shed from the street or alley would absolutely destroy the shed; that the portion of the street and alley attempted to be vacated was never used by the

traveling public; that Elm street and the alley both terminate at the north line of block 28, and have no connection with any road or street beyond that line, and that the city is estopped from now claiming that the vacation was invalid.

Plaintiff demurred to the answer on the ground that it stated no defense, and a stipulation was made between the parties that the court should enter judgment for the party in whose favor decision on the demurrer was made. Written briefs were served and filed by the attorneys for plaintiff and defendant, and upon consideration thereof the court overruled the demurrer and entered judgment that the action be dismissed on the merits, from which judgment plaintiff appeals. It is conceded that the ordinance purporting to vacate the alley and part of Elm street was never either posted or published but it contained a declaration of emergency. Plaintiff contends that the subject-matter of the ordinance showed on its face that it was not the subject of an emergency clause, and, fu her, that the public streets of a city or town cannot be vacated serve purely private purposes. Neither in the ordinance itself, nor anywhere in the answer is there any claim or statement that the o dinance is necessary "for the immediate preservation of the p blic peace, or the public health or safety."

Counsel for respondent contends that whether there is in fict an emergency, which will bring an ordinance into operation without publication, is a matter which is to be ascertained and declared by the municipal board alone, that its determination is not reviewable by the courts, and makes the further contention that the referendum statutes do not in any way limit this power of the municipal board to declare an emergency. But counsel concedes that the wording of the ordinance relating to the referendum of municipal ordinances is substantially the same as the amendment to the Constitution, providing for the referendum of statutes passed by the Legislature, and this court has decided that section 22 of article 3 of the Constitution, relating to emergency measures, must be construed with section 1 relating to the referendum, and that emergency measures can only refer to those mentioned in the exceptions to the referendum, namely, measures necessary for the immediate preservation of the public peace, health, or safety, or the support of the government and its existing public institutions. State v. Whisman, 36 S. D. 260, 154 N. W. 707, L. R. A. 1917B,

1; State of South Dakota v. Smith, 49 S. D. 106, 206 N. W. 233; Hodges v. Snyder, 43 S. D. 166, 178 N. W. 575; Warwick v. Bliss, 45 S. D. 388, 187 N. W. 715.; State ex rel v. Steensland, 46 S. D. 342, 192 N. W. 749; and Johnson v. Jones, 48 S. D. 260, 204 N. W. 15.

Applying the same rule to municipal ordinances, it follows that the town council of the town of Colome had no power or authority to attach an emergency clause to the ordinance vacating the alley and portion of Elm street involved in the present case, and that therefore that ordinance, never having been published, never had any existence. The attempted vacation of the street and alley being invalid, the remaining question is whether or not the city is estopped by the facts set up in the answer. It is alleged in the answer that the vacation of the street and alley was to induce respondent to put a lumber shed on block 28; the vacation, therefore, seems to have been the result of a contract or agreement entered into between the city and respondent, whereby the city agreed to vacate the street and alley if respondent would put in a lumber yard.

■ The governing body of a municipality has no power or authority to vacate the public streets for a purely private purpose, or for the purpose of giving the exclusive use of the street to private individuals for their use in strictly private business. "A city has no power to sell or barter the streets and alleys which it holds in trust for the benefit of the public, and cannot vacate a street for the benefit of a purely private interest, although it receives a consideration therefor." 44 C. J. 898, where it is said: "No matter how patriotic the motive, or how lawful the council believes the vacation to be, a city council cannot vacate a street to serve a purely private use." People v. Corn Products Refining Co., 286 Ill. 226, 121 N. E. 574.

■ The answer set up no purpose for the vacation of the street and alley in the instant case, except for the convenience and benefit of respondent. Respondent's contention, that it was a public benefit for it to put in and operate a lumber yard in the city, would clearly apply to every business enterprise launched in a community, and would justify the giving away of portions of streets or public parks to private individuals, whenever the city council could be induced to neglect or betray the public interest.

The claim of estóppel cannot be maintained under the facts in this case. Respondent was bound to know the law, which forbade the city to give away its streets, and must have known that the declaration of emergency in the ordinance under which it claims it acted was a sham and pretense, and that therefore the ordinance, not having been published, was wholly void. In this situation we can see no equitable principle that would justify the application of the rule of estoppel against the city. J. Burton Co. v. City of Chicago, 236 Ill. 383, 86 N. E. 93, 15 Ann. Cas. 965; City of Denver v. Girard, 21 Colo. 447, 42 P. 662; 21 C. J. 1186.

Respondent has had the exclusive use of that portion of the street and alley in controversy for its own private purposes for a period of 17 years without compensation, and it has no reason for complaint when now, that the public needs the street for public travel, it should be asked to remove its shed, in so far as it obtrudes on the right of way of the street or alley.

The judgment and order appealed from are reversed, with directions to the trial court to enter judgment for the plaintiff in accordance with the prayer of the complaint.

POLLEY, SHERWOOD, CAMPBELL, and BURCH, JJ., concur.