CITY OF RAPID CITY, Appellant v. HOOGTERP et al., Respondents

(179 N.W.2d 15)

(Files Nos. 10759, 10766. Opinion filed July 29, 1970)

**Thomas P. Ranney,** Rapid City, for plaintiff-appellant.

**Sieler & Sieler,** Rapid City, for defendants-respondents.

RENTTO, Judge.

The defendants Henry H. Hoogterp and Ruth C. Hoogterp, his wife, are the owners of a building located at 24 E.

Main Street in Rapid City. Portions of the building are leased to the defendant Leonard Walla for business purposes. A land survey of the area made in 1967, in preparation for a program of improving and enlarging East Main Street, disclosed that defendants' building protruded into the street right-of-way. Plaintiff city thereupon instituted this suit to enjoin the obstructing portion of the structure as a nuisance.

In resisting the city's claim the position of the defendants is that their building does not encroach upon the street right-of-way. They base this on a survey of the ground which they had made and urge that the survey relied on by the city was erroneous. Additionally they urge that the city, because of its conduct, is estopped from claiming that their building encroaches upon the right-of-way. The court found that a portion of the building was in the right-of-way, but concluded that the city was estopped from having the nuisance abated.

Both parties appeal from the judgment. The city in # 10759 complains that the court erred in holding that it was estopped. The defendants by their cross appeal # 10766 contend that the court was in error in finding that their building protrudes into the right-of-way of East Main Street.

The building, apparently a two-story frame structure, was built about 50 years ago without any change in its size since that time. In 1955 it suffered a fire which necessitated some remodeling and repair. The portion which was found to protrude into the right-of-way is the open porch on the front of the building running east and west, together with an enclosed second story storage area built over it, supported by six columns. The survey made by the witness for the city, which the court accepted, established the encroachment to be 8.9 feet on the west portion of the structure and 8.8 feet on the east. Consistent with its conclusion of estoppel the court determined the south line of the area of encroachment to be the true south line of defendants' lot and awarded them title thereto.

Concerning the matter of nuisances generally, SDCL 21-10-1 declares that:

"A nuisance consists in unlawfully doing an act, or omitting to perform a duty, which act or omission either:

\*          \*          \*          \*

"(3) Unlawfully interferes with, obstructs, or tends to obstruct, or renders dangerous for passage, any lake or navigable river, bay, stream, canal, or basin, or any public park, square, street, or highway;"

Our statutes provide that abatement is one of the remedies against any nuisance. SDCL 21-10-5. They further provide that "No lapse of time can legalize a public nuisance, amounting to an actual obstruction of public right." SDCL 21-10-4. The estoppel which the court determined to be present in this case has the effect of making this latter statutory declaration inoperative.

■ The doctrine of equitable estoppel or estoppel in pais is bottomed on principles of morality and fair dealing and is intended to subserve the ends of justice. Security State Bank v. Gannon, 39 S.D. 232, 163 N.W. 1040. In considering the application of the doctrine of estoppel each case, in the nature of things, must stand on its own facts. Kraft v. Corson County, 72 S.D. 396, 34 N.W.2d 838. It seeks to accomplish that which is fair between man and man. First Church of Christ, Scientist v. Revell, 68 S.D. 377, 2 N.W.2d 674. It is one of those troublesome areas of the law where the difficulty is not in determining the governing principles, but in applying them to the facts.

■ This court has on several occasions indicated or recognized that the doctrine of estoppel is available against a municipal corporation. Missouri River Telephone Co. v. City of Mitchell, 22 S.D. 191, 116 N.W. 67; City of Deadwood v. Hursh, 30 S.D. 450, 138 N.W. 1122; Tubbs v. Custer City, 52 S.D. 458, 218 N.W. 599; City of Colome v. Von Seggern Bros. & Ludden, 56 S.D. 390, 228 N.W. 800 and Rhodes v. City of Aberdeen, 74 S.D. 179, 50 N.W.2d 215. However, estoppels against the public are little favored and should be used sparingly. They are applied against municipal corpora-

tions with caution and only when exceptional circumstances demand their application to prevent manifest injustice. 31 C.J.S. Estoppel § 141; 28 Am.Jur. 2d, Estoppel & Waiver, § 129. The burden of establishing that such exceptional circumstances are present is on the party seeking the protection of the doctrine.

■ Because the disposition made of cases of this kind is dictated by the facts and circumstances of the particular case, the text statements concerning this field of law are largely generalizations. See 64 C.J.S. Municipal Corporations § 1753 (c); 38 Am.Jur., Municipal Corporations, § 668. In McQuillin-Municipal Corporations, 3rd Ed., Revised, § 30.181, we find the following:

> "While the doctrine of equitable estoppel is sometimes invoked in what are termed 'exceptional cases,' it is always applied, and wisely so, with much caution to municipal corporations in matters pertaining to their governmental functions. The basis of its application usually is not because of nonaction by municipal officers but because they have taken some affirmative action influencing another which renders it inequitable for the municipality to assert a different set of facts."

More than municipal acquiescence in an obstruction should be required to give rise to an estoppel when the matter involved is a street easement in which the public has a vested interest. Kuehl v. Bettendorf, 179 Iowa 1, 161 N.W. 28; Village of Newport v. Taylor, 225 Minn. 299, 30 N.W.2d 588. This view is in harmony with the mandate of SDCL 21-10-4.

The court's conclusion that the city was estopped to abate the encroachment complained of is based on these findings:

> "A. The building situated on said lot, in its present dimensions, was constructed in the year 1919 and has existed in the same dimensions since that time;
>
> B. That, the Plaintiff City, through its officers, governing body and employees, at all times since the

construction of said building knew of its existence from the time of its construction in 1919 to the present time;

C.   That, at least since 1947 and possibly since the year following its construction, said structure, as it now appears, has been taxed and taxes paid thereon by the Defendant owners and their predecessors in interest;

D.   That, in January, 1956, the Plaintiff City issued a permit to the Defendant owners for the repair of said building and interior thereof and from time to time, as shown by the Exhibits herein, issued miscellaneous permits for signs attached thereto, including what has been referred to as the porch, the second story of which has at all times been an enclosed portion of said main structure situated on said property in question herein; and

E.   That, at no time since the construction of said building, in its present form, in 1919, has the City, by or through any of its officers or governing body, made any objection of any kind to said encroachment on East Main Street in Rapid City, South Dakota, or claimed that such encroachment constituted a public nuisance, or has taken any action of any kind for the abatement thereof."

While the city was charged with knowledge of the existence of the building there is nothing to indicate it should have known that it occupied a part of the right-of-way of East Main Street.  Nor is it claimed that the city knew of the survey which the defendant owners had made before they bought the property, showing that the building was all within the lines of the lot they were buying.  In our view the circumstances here present do not justify the application of the rule of estoppel against the city.

The only South Dakota cases cited by the defendants in support of an estoppel are Missouri River Telephone Company v. City of Mitchell, supra, and Tubbs v. City of Custer, supra.  We do not regard them as supporting an estoppel in

the described circumstances. In each of these cases affirmative action by the cities involved was the basis for applying the rule of estoppel. As to decisions from other jurisdictions, they rely principally on the case of Bridges v. Incorporated Town of Grand View, 158 Iowa 402, 139 N.W. 917. Our study of that case persuades us that its holding resulted from factual circumstances not here present. The other foreign cases cited are similarly distinguishable. The annotation in 171 A.L.R. 94, referred to by them, specifically states that it does not generally extend to questions of estoppel in respect of encroachments of the kind here involved.

■ The cross appeal of the defendants challenges the court's finding that the building protrudes into the right-of-way of East Main Street. This is bottomed on the claim that the court should have accepted as correct the survey of the area in question made by the witness for the defendants showing no obstruction of the right-of-way, rather than the one made by the city's witness. This court may set aside findings of fact only if they are clearly erroneous. SDCL 15-6-52(a). We are unable to say that concerning this one. The trial court's determination of the fact question involved has ample support in the record.

Accordingly, we reverse that portion of the judgment questioned by the appeal of the city and affirm the part challenged by the cross appeal of the defendants.

All the Judges concur.