1998 SD 43

Don HAMERLY, Donna Hamerly and
Michael Hamerly, Petitioners
and Appellees,

v.

The CITY OF LENNOX, South Dakota,
BOARD OF ADJUSTMENT,
Appellant.

No. 20107.

Supreme Court of South Dakota.

Considered on Briefs March 24, 1998.

Decided May 6, 1998.

Larry A. Nelson of Frieberg, Rudolph & Nelson, Canton, for petitioners and appellees.

James E. McCulloch of Minick and McCulloch, Vermillion, for appellant.

SABERS, Justice

[¶ 1.] After concluding that city illegally granted building permit, circuit court ordered city to remove newly constructed building located on private property. We affirm in part and reverse in part.

## FACTS

[¶ 2.] The City of Lennox, South Dakota enacted an ordinance establishing new zoning regulations effective August 28, 1996. John Foltz operated a small engine repair business in an area zoned residential under the new ordinance. In October of 1996, fire destroyed one of the three buildings from which he conducted his business. The other two buildings were damaged by the fire.

[¶ 3.] On November 4, Foltz asked the Lennox City Council (City) for permission to rebuild his business by erecting a new build-

ing. He was told to apply for a building permit. At City's November 12 meeting, Foltz' neighbors, Mike and Donna Hamerly (Hamerly) objected to the building's size and placement in a residential neighborhood. Nevertheless, City passed a motion to approve the building permit so long as the structure was finished with vinyl siding and a shingled roof.

[¶ 4.] On November 25, Hamerly and his attorney appeared before the City. Hamerly pointed out that under the new zoning ordinance, Foltz' business constituted a "nonconforming use."[1] Hamerly argued that because of the fire, Foltz could not continue to operate his business in the residential area:

> A lawful use or structure existing at the time this ordinance is adopted or amended may continue even though such use does not conform with the district regulations subject to the following provisions:
>
> . . .
>
> (C) Should any nonconforming use or structure be destroyed by any means to the extent of more than 50% of its replacement cost, such nonconforming use shall not continue.

Lennox, SD, Ordinance 354, art. 3, ch. 3.02.01(C). City passed a motion to defer action on the building permit until Foltz established the replacement cost of the damaged buildings.

[¶ 5.] Hamerly and Foltz disputed the cost to replace the damaged buildings. Without any such request from Foltz, City amended the building permit to provide that the building could be used for private purposes only. While Hamerly's appeal to the Board of Adjustment (Board)[2] was pending, City's Deputy Zoning Administrator concluded that the property was destroyed to the extent of 64.9% of its replacement cost.

[¶ 6.] Board rejected the 64.9% figure, concluding that Foltz' replacement costs did not exceed 50%. Hamerly petitioned the circuit court for writ of certiorari under SDCL 11–4–25:

> Any person or persons, jointly or severally, aggrieved by any decision of the Board of Adjustment, or any taxpayer, or any officer, department, board, or bureau of the municipality, may present to a court of record a petition duly verified, setting forth that such decision is illegal, in whole or in part, specifying the grounds of the illegality. Such petition shall be presented to the court within thirty days after the filing of the decision in the office of the board.

[¶ 7.] The circuit court granted the writ and held a hearing at which Hamerly and City stipulated that fire damage to the three buildings resulted in their loss of status as nonconforming use structures. They also stipulated that the newly constructed building did not conform to the zoning ordinance. Our review of the facts and the zoning ordinance support this stipulation.

[¶ 8.] Hamerly and City also stipulated:

> The City of Lennox would take whatever measures necessary to bring such structure into compliance with City of Lennox Zoning Ordinances.

The parties did not agree upon what measures should be taken to bring the structure into compliance with the ordinance. City argued for a remand, noting there were several alternatives to removal of the building.[3] City claimed the effect of an order to remove the building would be to "enjoin the city of Lennox from doing any legislation in terms of zoning amendments concerning that parcel of land. That would involve an injunction against a municipal legislative act, and by

---

1. The ordinance defines a "nonconforming use" as

   Any building or land lawfully occupied by a use at the time of passage of this ordinance or amendment which does not conform after the passage of this ordinance or amendment with the use regulation of the district in which it is situated.

   Lennox, SD, Ordinance 354, art. 2, ch. 2.02.

2. Although not material in this appeal, Hamerly contends Foltz built the new structure in violation of a stay issued by Board.

3. For example, City indicated it was considering a zoning change to Foltz' property. Additionally, City argued that part of the building could be removed or that Foltz could purchase adjoining property in order to meet ordinance requirements.

statute [SDCL 21–8–2(7) ] [4] a court cannot do that." However, the court agreed with Hamerly and ordered City to remove Foltz' building by June 15, 1997.

[¶ 9.] Upon Foltz' request, City purportedly rezoned his property from residential to general business,[5] effective May 15, 1997, the same day the circuit court signed its judgment. City later granted a variance from the ordinance to allow the oversized structure. City appeals, claiming the circuit court was without authority to order the removal of the building.

## STANDARD OF REVIEW

[¶ 10.] "As to a decision by a board of adjustment made pursuant to SDCL 11–4–25 through 29, the question on review is whether an order of the board is supported by substantial evidence and is reasonable and not arbitrary.... In addition, we review in the same manner as the circuit court, unaided by any presumption of the correctness of the circuit court's determination." *Olson v. City of Deadwood*, 480 N.W.2d 770, 774, 775 (S.D.1992) (citations omitted). The facts in this case were stipulated. The only issue presented is whether the circuit court had the statutory authority to order removal of the building. We review questions of law de novo. *Peters v. Spearfish ETJ Planning Comm'n*, 1997 SD 105, ¶ 5, 567 N.W.2d 880, 883 (citations omitted).

[¶ 11.] **WHETHER THE CIRCUIT COURT MAY ORDER REMOVAL OF A STRUCTURE BUILT IN VIOLATION OF A MUNICIPAL ZONING ORDINANCE UNDER SDCL 11–4–29.**

**4.** See SDCL 21–8–2(7), which prohibits an injunction "[preventing] a legislative act by a municipal corporation."

**5.** Hamerly states this at page 16 of his brief, citing to pages 176–268 of the settled record. His brief is replete with similar examples of vague and overbroad references to the record. We remind counsel of the provisions of SDCL 15–26A–64:

Whenever reference is made in the briefs to any part of the record it shall be made to the particular part of the record, suitably designated, and to the specific pages thereof. (Emphasis added).

[¶ 12.] SDCL 11–4–29 provides for the following disposition of a municipal zoning case brought by writ of certiorari:

The court may reverse or affirm, wholly or partly, or may modify the decision brought up for review. Costs shall not be allowed against the board of adjustment unless it shall appear to the court that it acted with gross negligence, or in bad faith, or with malice in making the decision appealed from.

City claims that the circuit court was correct in concluding that City did not comply with the zoning ordinance, but that it erred in ordering the method of compliance. That part of the order, it claims, "substitut[ed] its judgment for that of the City." (citing *Olson*, 480 N.W.2d at 775 ("We may not substitute our judgment for that of the Board.")).

[¶ 13.] Hamerly responds that the circuit court has authority to order compliance with zoning ordinances, citing *City of Colton v. Corbly*, 318 N.W.2d 136 (S.D.1982); *City of Aberdeen v. Herrmann*, 301 N.W.2d 674 (S.D.1981); *City of Madison v. Clarke*, 288 N.W.2d 312 (S.D.1980); and *Brown County v. Meidinger*, 271 N.W.2d 15 (S.D.1978), for our affirmance of various orders enjoining continued uses of land or structures, including actual removal of offending structures. The key distinction in all of these cases is that those zoning authorities were seeking injunctions against the offending landowners. *See Meidinger*, 271 N.W.2d at 19 ("It is widely recognized that injunction is the only practical and efficient remedy for violation of a zoning ordinance.").[6] As indicated, this is a certiorari action, not an injunctive action.

**6.** *See* SDCL ch. 21–8 (Injunction); *see also* SDCL 11–4–7 (providing City's remedy for violation of municipal zoning ordinances):

In case any building or structure is erected, constructed, reconstructed, altered, repaired, converted, or maintained, or any building, structure, or land is used in violation of this chapter or of any ordinance or other regulation made under authority conferred thereby, the proper local authorities of the municipality, in addition to other remedies, may institute any appropriate action or proceedings to prevent such unlawful erection, construction, reconstruction, alteration, repair, conversion, maintenance, or use, to restrain, correct, or abate such violation, to prevent the occupancy

[¶ 14.] We agree with Hamerly that the circuit court has the authority to order injunctive relief when the zoning authority demonstrates entitlement to that relief; however, review by writ of certiorari is confined to a review of the legality of the municipality's zoning decision. *See* SDCL 11–4–25, reproduced *supra* ¶ 6; *see also* SDCL 21–31–8:

> The review upon writ of certiorari cannot be extended further than to determine whether the inferior court, tribunal, board, or officer, has regularly pursued the authority of such court, tribunal, board, or officer.

*Accord Peters,* 1997 SD 105 at ¶ 6, 567 N.W.2d at 883:

> of said building, structure, or land, or to prevent any illegal act, conduct, business, or use in or about such premises.

*Cf.* SDCL 11–2–35 (providing procedure to force *county* to comply with its ordinances):

> Any taxpayer of the county may institute mandamus proceedings in circuit court to compel specific performance by the proper official or officials of any duty required by this chapter and by any ordinance adopted thereunder.

It is unclear why mandamus proceedings are provided for in SDCL ch. 11–2 "County Planning and Zoning" and not in SDCL ch. 11–4 "Municipal Planning and Zoning." However, this writ is available to Hamerly under SDCL 21–29–1:

> The writ of mandamus may be issued by the Supreme and circuit Courts, to any inferior tribunal, corporation, board, or person, *to* compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station; or to compel the admission of a party to the use and enjoyment of a right or office to which he is entitled, and from which he is unlawfully precluded by such inferior tribunal, corporation, board, or person.

Whether the circuit court can order the removal of an offending structure under mandamus is even questionable. *See, e.g., DeJong v. School Bd. of Pershing Twp.,* 81 S.D. 380, 386, 135 N.W.2d 726, 729 (1965) ("While mandamus is usually employed to compel performance of duties that are ministerial in character it is also available in instances where judgment and discretion are involved, to compel the legal exercise thereof. But ... when utilized in such instances the court is not warranted in directing the manner in which a legal discretion shall be exercised."); *cf. Breckweg v. Knochenmus,* 81 S.D. 244, 251, 133 N.W.2d 860, 864 (1965):

> We are satisfied mandamus was a proper remedy under the circumstances to compel the township board and its officers to issue the

Because this matter was presented to the trial court on certiorari, our scope of review is limited to the questions of whether the inferior courts, officers, boards, and tribunals had jurisdiction and whether they have regularly pursued the authority conferred upon them. *Save Centennial Valley Ass'n Inc. v. Schultz,* 284 N.W.2d 452, 454 (S.D.1979).

In light of the stipulation of the parties, the circuit court should have limited its judgment to a reversal of the Board's final decision as illegal and in excess of its jurisdiction.[7]

[¶ 15.] We affirm the circuit court's conclusion that Foltz' property lost its status as a nonconforming use and that the new structure was built in violation of City's ordinance.[8] We reverse only that portion of the

> building permit. Although mandamus is generally employed to compel performance of duties ministerial in character, it can also be used where judgment and discretion are involved to compel a legal exercise thereof. The court is not warranted in directing the manner in which a legal discretion is to be exercised. However, where the refusal to perform a legal duty is arbitrary and captious, or is founded on an invalid ground, or one not warranted by law, the board is subject to direction by the court and mandamus will issue.

(Citations omitted); *but see* 4 *Anderson's American Law of Zoning* § 28.07, at 668 (4th ed.1997):

> [A] property owner cannot maintain an action for a mandatory injunction to require a municipality to enforce the zoning regulations by requiring the removal of an offending structure, where he has an adequate remedy in the form of an action against the offending landowner to require him to remove the structure. Where no such adequate remedy is available, mandamus will lie.

7. City also claims the circuit court, by ordering the removal of the building, exercised an authority neither City nor Board possesses. We do not agree that the court can never order such relief because the circuit court has authority to order injunctive relief under the proper circumstances. Likewise, a zoning authority may always seek injunctive relief for violation of its ordinances. However, under certiorari, it was improper to order City to remove the building of another pursuant to a writ of certiorari brought by a neighbor. This is especially so where, as here, the property owner is not even a party to the action.

8. City's subsequent rezoning of Foltz' property arose after this certiorari action began and is not challenged here; therefore, whether Hamerly seeks injunctive relief or a writ of mandamus

judgment ordering the removal of the structure.

[¶ 16.] MILLER, C.J., and AMUNDSON, KONENKAMP and GILBERTSON, JJ., concur.

causing City to seek injunctive relief or otherwise    protests that change remains to be seen.