Ray L. ROBY, Plaintiff and Appellant

v.

CITY OF MITCHELL, Davison County, South Dakota; Clarence J. Toman; Dorothy M. Toman; Harold E. Schlimgen; DeVon B. Schlimgen; Robert H. Spensley; Margaret L. Spensley; Floyd Briggs; Dennis L. Berg; and JoAnn M. Berg, Defendants and Appellees.

14936.

Supreme Court of South Dakota.

Argued Jan. 13, 1986.

Decided Feb. 19, 1986.

E. Steeves Smith of Tinan, Padrnos, Smith & Taylor, Mitchell, for plaintiff and appellant.

Carl J. Koch, Mitchell, for defendant and appellee City of Mitchell.

Lee D. Anderson of Hanson, Stiles, Anderson & Swank, Mitchell, for defendants and appellees Toman, Schlimgen, Spensley and Berg.

HEEGE, Circuit Judge.

Plaintiff commenced this action against the City of Mitchell and the owners of property adjoining the east two hundred feet of the alley bisecting Block 14 in M.H. Rowley's Second Addition to the City of Mitchell, claiming that the vacation of the east two hundred feet of the alley by the city commission was improper.

The trial court entered a judgment dismissing plaintiff's action and determining that the vacation of the part of the alley was proper. We affirm the judgment of the trial court.

■ Plaintiff claims the petition for vacation was deficient because it did not set forth "facts and the reasons for such vacation" as required by SDCL 9–45–7.

The petition alleges in part: "[T]hat the location of an open public alley ... is, and would be, injurious to the public health, welfare, and safety, and partcularly (sic) injurious to the health, safety, and welfare of the residents and their guests who reside along said alley."

Although the statements contained are conclusory in nature, we hold that they are sufficient to satisfy the statutory requirements for a petition for vacation.

The evidence presented to the commission, and subsequently to the trial court,

and recited in the resolution of vacation, as well as in the trial court's findings of fact, support the statements made in the petition and justify the vacation.

■ The plaintiff also claims that the vacation offends the rule of law stated in *City of Colome v. Von Seggern Bros. and Ludden*, 56 S.D. 390,393, 228 N.W. 800,801 (1930), prohibiting the city from vacating an alley to serve a "purely private purpose."

The resolution of the commission recites a number of public interests and purposes served by the vacation including the elimination of police problems, traffic control problems, and health, safety, and maintenance considerations. The trial court found that the commission did not abuse its discretion and that the resolution was supported by the evidence. We agree.

■ Finally, plaintiff contends that the lots lying immediately to the west of the lots abutting the part of the alley being vacated are "adjoining" and that the consent and joinder of the owners of those lots are crucial to the validity of the vacation under SDCL 9-45-7.

The trial court found and concluded that for "property to be adjoining the portion of the street or alley to be vacated, the property must share some common boundary with the said portion of the street or alley to be vacated." The trial court's interpretation of the word "adjoining" is correct and is adopted by this court.

The judgment of the trial court is affirmed.

FOSHEIM, C.J., MORGAN and HENDERSON, JJ., and HERTZ, Circuit Judge, acting as a Supreme Court Justice, concur.

HEEGE, Circuit Judge, sitting for WUEST, J., disqualified.